**Concurring opinion issued April 19, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00082-CV

————————————

## MARY LYNN KANTARA GERKE, Appellant

## V.

## JAMIL JAMES KANTARA, Appellee

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-46281**

---

## CONCURRING OPINION

I agree that we lack jurisdiction over this attempted appeal. I concur only in

the judgment because I disagree with the court's unnecessary and incorrect

conclusion, as a matter of first impression, that the 2007 enactment of Family Code

Section 201.007(a)(16) created a special class of nonappealable "final orders" under Title 5 of the Family Code.

The only basis for our jurisdiction invoked by the appellant is the Family Code's authorization for an associate judge to "sign a final order that includes a waiver of the right of appeal pursuant to Section 201.015." TEX. FAM. CODE § 201.007(a)(16). But the order signed by the associate judge in this case does not include "a waiver of the right of appeal pursuant to Section 201.015," so it cannot be a "final order" authorized by Section 201.007(a)(16), no matter whether such an order would have been appealable if it did. Accordingly, we lack appellate jurisdiction.

The court concedes: "The order itself contains no such waiver of appeal." Nevertheless, in its zeal to tackle the broader question of whether a final order as contemplated by Section 201.007(a)(16) ever would be appealable, the court assures that "there is authority for the proposition that, even if the waiver does not appear in the order itself, so long as the waiver is in the record, it is sufficient to waive an appeal for the purposes of section 201.007(a)(16)." Not so.

The only authority provided for this supposed rule—which defies the plain text of Section 201.007(a)(16)—is the two-paragraph non-published per-curiam opinion in *Wells v. Wells*, No. 14-09-00811-CV, 2010 WL 3292978 (Tex. App.— Houston [14th Dist.] Aug. 19, 2010, pet. denied). The *Wells* opinion does rely on a

litigant's waiver of the *Section 201.105* right to appeal *to the referring court. See Wells*, 2010 WL 3292978, at \*1. It says not a word about the appellate jurisdiction of the court of appeals, or whether the "waiver of the right of appeal pursuant to Section 201.015" must be included within the order to make it an associate judge's "final order" authorized by Section 201.007(a)(16).[1]

Because the order Gerke seeks to appeal did not include a waiver of the right of appeal, *see* TEX. FAM. CODE § 201.007(a)(16), I concur in the judgment that we lack appellate jurisdiction over the associate judge's order. I don't think it is necessary to reach the broader question of whether an associate judge's "final order" entered pursuant to Section 201.007(a)(16) can be appealed to the court of appeals.

Moreover, the court's answer to this novel question cannot be squared with the plain text of the relevant statutes. "An appeal may be taken by any party to a suit from a *final order* rendered under" Title 5 of the Family Code, TEX. FAM. CODE § 109.002(b) (emphasis supplied), which includes Chapter 201 and Section 201.007(a)(16). The court provides no convincing explanation for why a

---

[1]   Indeed, the notice of appeal and briefs filed in *Wells* confirm that the issue presented on appeal was the validity of an order of the referring court, and no party disputed the jurisdiction of the court of appeals. *See* Appellant's Brief at 2, *Wells v. Wells*, No. 14-09-00811-CV, 2010 WL 3292978 (Tex. App.—Houston [14th Dist.] Aug. 19, 2010, pet. denied); Brief of Appellee at 1–2, *Wells*, No. 14-09-00811-CV; Notice of Appeal, II Clerk's Record at 397, *Wells*, No. 14-09-00811-CV.

Section 201.007(a)(16) "final order" is not a "final order" eligible to be appealed pursuant to Section 109.002(b).

The court expresses concern that the order in question never was signed by the referring judge. However, the Family Code was amended in 2007 to expressly confirm that a "party's failure to request a de novo hearing or a party's waiver of the right to request a de novo hearing before the referring court *does not deprive the party of the right to appeal* to or request other relief from a court of appeals or the supreme court." Act of September 1, 2007, 80th Leg., R.S., ch. 1235, § 6 (emphasis supplied) (codified as TEX. FAM. CODE § 201.016(a)). This provision would be meaningless unless associate judges were empowered to enter some orders that could be directly appealed to the court of appeals, and indeed they are. Among the many powers granted to associate judges by Section 201.007, an associate judge is expressly authorized to "sign a final order that includes a waiver of the right of appeal pursuant to Section 201.015." TEX. FAM. CODE § 201.007(a)(16).

The court also posits a distinction for these purposes of an order "rendered" by a court, as compared to an order that merely has been "signed."[2] Under the Family

---

[2] The court relies on *Railroad Comm'n v. Texas Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619 (Tex. 2011), for the proposition that "[w]hen the Legislature uses a word or phrase in one portion of a statute but excludes it from another, the term should not be implied where it has been excluded." 336 S.W.3d at 628. And while this concept is useful, it has its limits. After all, "[s]ometimes drafters *do* repeat themselves and *do* include words that add nothing of substance." ANTONIN SCALIA & BRYAN A. GARNER, READING

4

Code: "'Render' means the pronouncement by a judge of the court's ruling on a matter." *Id*. § 101.026. If the power to "sign a final order" does not entail the inherent power to pronounce a ruling on the subject matter of the order, then the court may have a point. To the contrary, I conclude that when an associate judge exercises the Section 201.007(a)(16) statutory power to "sign a final order that includes a waiver of the right of appeal pursuant to Section 201.015," the associate judge pronounces a ruling on that matter and thereby "renders" the order by signing it.[3]

The court also expresses concern that Section 201.016(b) and (c) do not specify a controlling date for purposes of taking an appeal from a Section 201.007(a)(16) final order. In particular, the court observes that Section 201.016(c)'s reference to the date "an agreed order or a default order is signed by an associate judge" corresponds to some of the categories of final orders

---

LAW: THE INTERPRETATION OF LEGAL TEXTS 176 (2012). As explained above, there is ample textual basis to conclude that the inclusion of the word "render" in Section 201.007(a)(14) adds no substantive meaning that reasonably could be found lacking in Section 201.007(a)(16).

[3] To the extent the court seeks solace from *Robles v. Robles*, 965 S.W.2d 605 (Tex. App.—Houston [1st Dist.] 1998, pet. denied), and its outdated footnote reference to an associate judge's lack of power to "render judgment," 965 S.W.2d at 609 n.4, it suffices to note that the case was decided before the Legislature granted associate judges the power to issue final orders pursuant to either Section 201.007(a)(14), effective in 2003, or Section 201.007(a)(16), effective in 2007. *See* Act of Sept. 1, 2003, 78th Leg., R.S., ch. 477, § 2; Act of June 15, 2007, 80th Leg., R.S., ch. 839, § 1.

5

that an associate judge may issue under Section 201.007(a)(14),[4] but not the powers under Section 201.007(a)(16) (which do not explicitly relate to "agreed" or "default" orders). But regardless of the reasons (or lack thereof) to explain why the later enactment of Section 201.007(a)(16) was not accompanied by an amendment to Section 201.016(c) to expressly include the new category of associate judges' final orders, the failure of the Legislature to do so does not undermine the effect of Section 201.007(a)(16)'s plain language, as explained above. The Legislature authorized associate judges to sign final orders including a waiver of the right to appeal in the form of a de novo hearing to the referring court (§ 201.007(a)(16)), and in the same legislative session—the 80th Legislature—expressly specified that by so doing a party did not waive its right to appeal to the court of appeals (§ 201.016(a)). Based on these changes, there is no reason why the 80th Legislature should have anticipated any confusion about whether some additional order would have to be "rendered" by the referring court to activate the right of appeal to the court of appeals. Under Title 5 of the Family Code, a "final order" is an appealable order. TEX. FAM. CODE § 109.002(b). As between the associate judge who rendered the final order and the bypassed referring court, there could be no confusion about the

---

[4]    Section 201.007 authorizes an associate judge to issue "a final order *agreed* to in writing as to both form and substance by all parties" and "a final *default* order." TEX. FAM. CODE § 201.007(a)(14)(A) & (B) (emphasis supplied).

6

fact that the associate judge's order would supply the controlling date for purposes of an appeal to the court of appeals.[5] So the failure of Section 201.016 to confirm the obvious in that regard sheds no additional light on the appealability of a Section 201.007(a)(16) final order.

Contrary to the court's apparent premise, nothing in the Family Code provides that only orders of the referring court can be appealable, or that Section 201.007(a)(14) is the exclusive avenue for an associate judge's ruling to become an appealable final order. As previously noted, I don't think it's necessary for this court to reach these issues of statutory interpretation in order to dismiss for want of jurisdiction. Because I also disagree with the court's conclusion that Section 201.007(a)(16) created a special class of nonappealable "final orders" under Title 5 of the Family Code, I simply concur in the judgment dismissing the appeal.

Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Justice Massengale, concurring.

---

[5] *See* TEX. FAM. CODE § 109.002(a) ("An appeal from a final order rendered in a suit, when allowed under this section or under other provisions of law, shall be as in civil cases generally under the Texas Rules of Appellate Procedure."); TEX. R. APP. P. 26.1 (time to perfect appeal for civil cases).