## IN RE A.G.D.M., a Child

### No. 07-17-00326-CV

Court of Appeals of Texas, Amarillo.

October 23, 2017

Andrew McDaniel, pro se.

Stephenie Allyn Jones, pro se.

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

## OPINION

Brian Quinn, Chief Justice

A.M. seeks to appeal from an order issued by an associate judge in a family matter. The order is entitled "Recommendation," pertains to a "modification" concerning visitation, and carries the expressed designation of "temporary," as opposed to "final." Questioning whether we have jurisdiction over the appeal, we afforded A.M. the opportunity to address the matter. A.M. timely responded and contended that the "recommendation" designated as "temporary" was final and appealable. We dismiss.

 Our appellate jurisdiction is generally limited to appeals from final judgments and orders disposing of all claims and parties. *In re J.J.B.*, No. 05-16-01337-CV, 2017 WL 604047, at *1, 2017 Tex. App. LEXIS 1350 at *1 (Tex. App.—Dallas Feb.

15, 2017, no pet.) (mem. op.) (involving an attempted appeal from an associate judge's temporary order). Though there are exceptions to that general rule, they do not include appeals from a temporary order rendered in a family law case. *Id.* (holding that "temporary orders issued in family law cases are not appealable"). Because the order from which A.M. appealed is "temporary," it did and does not vest us with jurisdiction over the appeal.

That the order is a "recommendation" poses a further obstacle to our jurisdiction. That is, the powers vested in an associate judge are prescribed by statute. The statute prescribing them is § 201.007 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 201.007 (West, Supp. 2017). And, to the extent said statute permits an associate judge to render "a final" order or decree, the instances in which it can are limited. They are limited to 1) "a final order agreed to in writing as to both form and substance by all parties," *id.* § 201.007(a)(14)(A); 2) "a final default order," *id.* § 201.007(a)(14)(B); 3) "a final order in a case in which a party files an unrevoked waiver made in accordance with Rule 119, Texas Rules of Civil Procedure, that waives notice to the party of the final hearing or waives the party's appearance at the final hearing," *id.* § 201.007(a)(14)(D); and 4) "a final order if the parties waive the right to a de novo hearing before the referring court under Section 201.015 in writing before the start of a hearing conducted by the associate judge." *Id.* § 201.007(a)(16). The "recommendation" before us falls within none of those categories.[1] It is just that, a "recommendation" executed by the associate

judge per § 201.007(a)(10) of the Family Code. *See id.* § 201.007(a)(10) (stating that an associate judge may "recommend an order to be rendered in a case").

Being a "recommendation," further action must occur before it becomes final and appealable. It may be adopted, modified, rejected or sent back by the referring court. *Gerke v. Kantara*, 492 S.W.3d 791, 792-93 (Tex. App.—Houston [1st Dist.] 2016, no pet.). And, it becomes final and appealable only when signed by the judge of the referring court, and not before. *Id.* Because the "recommendation" here has yet to be signed by the judge of the referring court (or any other judge authorized to sign on behalf of the referring court), it is not appealable.

Lacking jurisdiction over the "temporary" "recommendation" from which A.M. appealed, we dismiss the appeal.

---

1. While statute permits the referring court to reduce the § 201.007 powers assigned to the associate judge, *see* TEX. FAM. CODE ANN. § 201.006(b) (West 2016) (stating that the "order of referral may limit the power or duties of an associate judge"), we found no statute authorizing the referring court to grant an associate judge more powers than those enumerated in § 201.007.