**Opinion issued October 31, 2019**



In The

# Court of Appeals

For The

## First District of Texas

———————————

### NO. 01-18-00789-CV

———————————

### ARNETT MATHIS, Appellant

### V.

### TORI LASHAWN GRAVES, Appellee

---

**On Appeal from the 308th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-67465**

---

### MEMORANDUM OPINION

This is an appeal from a final order rendered by the trial court in a suit for conservatorship filed by appellant, Arnett Mathis, against appellee Tori LaShawn Graves, who is the mother of Mathis's child, K.A.M. The relevant questions of conservatorship were tried before a jury by the district court judge, the Honorable

James Lombardino. The associate judge, the Honorable David Sydow, signed a "Final Order in [the] Suit Affecting the Parent-Child Relationship" on April 1, 2016. Subsequently, on June 25, 2018, Judge Lombardino signed an identical Final Order. Mathis now asks us to void Associate Judge Sydow's April 1, 2016 order. In his sole issue on appeal, Mathis argues that "a final order in a suit affecting the parent child relationship is void when the case is tried by the district judge and the final order is signed by the associate judge without written consent of all the parties." Because we conclude that the April 1, 2016 order of the associate judge was not a final order and is not void, we overrule Mathis's sole issue and affirm the order of the trial court.

## Background

Mathis and Graves are the parents of K.A.M., born in 2008. The couple was never married and later separated. On November 18, 2014, Mathis filed his original petition in a suit affecting the parent-child relationship seeking that both parents be named joint managing conservators and that he be granted the right to designate K.A.M.'s primary residence. Mathis further sought child support and attorney's fees. Graves filed a counter-petition the following month asking that both parents be named joint managing conservators and that she be granted the right to designate the child's primary residence. Graves further sought child support and medical support for K.A.M. and attorney's fees. District Judge Lombardino held a

2

jury trial in January 2016, and the jury found that Graves should have the exclusive right to designate K.A.M.'s primary residence.

On April 1, 2016, Associate Judge Sydow signed a "Final Order" in the SAPCR based in part on the jury's verdict. Mathis and Graves were named joint managing conservators, and Graves was granted the exclusive right to designate K.A.M's primary residence. The April 1 order also resolved issues of visitation and child support. This order was approved as to form and substance in writing by Graves, but not by Mathis.

Mathis moved for a new trial on May 1, 2016, arguing that the evidence was legally and factually insufficient to support the final order. The motion for new trial did not raise a complaint regarding the associate judge's signing of the April 1, 2016 final order or Mathis's lack of consent to the order. There is no ruling on the motion for new trial in the record. There is likewise no indication that either party requested a de novo hearing regarding entry of the final order following the April 1, 2016 ruling.

On July 18, 2016, Mathis filed a notice of appeal stating that "[t]he judgment or order appealed from was signed on April 13, 2016." *See Mathis v. Graves*, No. 01-16-00568-CV, 2017 WL 6374555, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2017, no pet.) (mem. op.). This resulted in an appeal apparently challenging some other order than the one signed by Associate Judge Sydow on April 1, 2016.

This Court dismissed that appeal, observing that "[t]he only April 13, 2016 order in the clerk's record was entitled 'Final Order in Suit Affecting the Parent-Child Relationship,' and it was signed by an associate judge." *Id.* This Court then stated, "The clerk's record reflects that the April 13 order has the word 'VOID' handwritten over the associate judge's signature, along with what appears to be handwritten initials and the date '6-5-16.'" *Id.* Accordingly, we concluded that "the April 13 order was voided by the trial court's own volition on June 5, 2016, thus there was no April 13 order that could be appealed by the notice of appeal filed on July 18, 2016" and that, "[i]n the absence of an appealable final order, we lack appellate jurisdiction." *Id.* We dismissed that appeal as moot. *Id.*

On June 25, 2018, District Judge Lombardino signed the "Final Order in Suit Affecting the Parent-Child Relationship" that was identical to the April 1, 2016 order that had been signed by Associate Judge Sydow.[1] Mathis at times refers to the June 25, 2018 Final Order as a "nunc pro tunc" and indicates that it had been signed to address his complaint that Associate Judge Sydow did not have authority to sign the April 1, 2016 final order. The June 25, 2018 order itself does not

---

[1] Associate Judge Sydow's initials appear beside the signature line of the June 25, 2018 Final Order.

4

indicate that it is a "nunc pro tunc" order, nor does the record contain any motion or other request for the trial court to sign a new order.[2]

On July 25, 2018, Mathis filed a notice of appeal stating, "The judgment or order appealed from was signed on June 25, 2018," resulting in the underlying appeal.

## Analysis

Mathis argues that Associate Judge Sydow's April 1, 2016 "Final Order" is void. He relies on cases setting out a general standard for determining when a judgment is void. *See, e.g.*, *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (holding that only void judgments may be collaterally attacked and that judgment is void only when it is apparent that court "rendering" judgment had no jurisdiction of parties or property, no jurisdiction of subject matter, no jurisdiction to enter particular judgment, or no capacity to act); *Gauci v. Gauci*, 471 S.W.3d 899, 901 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (holding that judgment rendered by trial court that lacks jurisdiction over parties or subject matter is void and that void judgment is "entirely null within itself, not binding on either party, [and] . . . not

---

[2] The record contains a transcript of a hearing held before Judge Lombardino on July 10, 2018. The attorneys for Mathis and Graves discussed the status of the case, which had a new filing and a motion to consolidate pending. At this hearing, Mathis asked the trial court to vacate the judgment in the underlying case, but the record contains no rulings on the parties' motions. No sworn testimony or other evidence was presented during this hearing. The record does not contain any of the documents referred to at this hearing aside from the April 1, 2016 and June 25, 2018 "Final Orders."

5

susceptible of ratification or confirmation"). These authorities are inapplicable, however, because this case is not one in which the district court judge—here, Judge Lombardino—lacked jurisdiction over the parties or subject matter, jurisdiction to enter a judgment, or capacity to act.

We agree with Mathis to the extent he argues that Associate Judge Sydow lacked authority to render a final judgment in this case. "[T]he powers vested in an associate judge are prescribed by statute." *In re A.G.D.M.*, 533 S.W.3d 546, 547 (Tex. App.—Amarillo 2017, no pet.); *see* TEX. FAM. CODE § 201.007; *Gerke v. Kantara*, 492 S.W.3d 791, 792–94 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (discussing powers of associate judge as enumerated in Family Code and distinguishing between authority to sign orders and authority to "render" final order or judgment). Family Code section 201.007 permits an associate judge to render a final order only in certain limited instances, none of which are supported by this record. *See* TEX. FAM. CODE § 201.007(a)(14), (16) (listing circumstances in which associate judge may render final order, including when order is "agreed to in writing as to both form and substance by all parties" or when parties waive their right to de novo hearing before referring court in writing before start of hearing before associate judge); *see also Graham v. Graham*, 414 S.W.3d 800, 801 (Tex. App.—Houston [1st Dist.] 2013, no pet.) ("Associate judges do not have the power to render final judgment outside the context of certain limited exceptions"). As

6

Mathis notes, the April 1, 2016 order was not "a final order agreed to in writing as to both form and substance by all parties" because nothing in the record indicates that he gave written consent to the order. *See* TEX. FAM. CODE § 201.007(a)(14)(A).

But our conclusion that Associate Judge Sydow lacked authority to render a final order does not mean that the April 1, 2016 order is void. To the contrary, the Family Code grants an associate judge authority to, among other things, "recommend an order to be rendered in a case." *See* TEX. FAM. CODE § 201.007(a)(10). Accordingly, we construe the April 1, 2016 order as a recommended order because that is all the associate judge had authority to sign. *See Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992) ("We reject the notion that . . . matters of form control the nature of the order itself—it is the character and function of an order that determines its classification."); *Mathes v. Kelton*, 569 S.W.2d 876, 878 & n.3 (Tex. 1978) (holding that substance of judgment, not its title, controlled in determining validity of judgment nunc pro tunc); *Chapa v. Chapa*, No. 04-12-00519-CV, 2012 WL 6728242, at *5 (Tex. App.—San Antonio Dec. 28, 2012, no pet.) (mem. op.) ("Our interlocutory jurisdiction is controlled by the substance and function of an order, viewed in the

7

context of the record, not the title or form of the order or the parties' characterization of the order.").[3]

Furthermore, Associate Judge Sydow's lack of authority to render a "final" order did not create any deficiency of authority or jurisdiction for referring District Judge Lombardino. Rather, the Family Code recognizes that the authority to render the final order or judgment in cases like the SAPCR at issue here remains vested in the referring district court. Family Code section 201.013 provides, in relevant part:

> (a) Pending a de novo hearing before the referring court, a proposed order or judgment of the associate judge is in full force and effect and is enforceable as an order or judgment of the referring court, except for an order providing for the appointment of a receiver.

> (b) Except [in certain circumstances not applicable here], if a request for a de novo hearing before the referring court is not timely filed, the proposed order or judgment of the associate judge becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment.

TEX. FAM. CODE § 201.013(a)–(b). Section 201.014 further provides that "unless a party files a written request for a de novo hearing before the referring court, the referring court may: (1) adopt, modify, or reject the associate judge's proposed

---

[3] We further note that this Court dismissed Mathis's attempted appeal of the associate judge's 2016 ruling—albeit citing an April 13, 2016 order rather than the April 1, 2016 order relevant here—for want of jurisdiction due to the "absence of an appealable final order." *See Mathis v. Graves*, No. 01-16-00568-CV, 2017 WL 6374555, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2017, no pet.) (mem. op.).

8

order or judgment; (2) hear further evidence; or (3) recommit the matter to the associate judge for further proceedings." *Id.* § 201.014(a).

The record does not contain any request for a de novo hearing before the referring court. Nevertheless, in light of Associate Judge Sydow's April 1, 2016 order, Judge Lombardino, as the referring district court judge, could, among other actions, "adopt, modify, or reject" the recommended order. *See id.* § 201.014(a). The associate judge's order did not become the final order of the referring court until it was signed by the referring district court judge, which did not happen until June 25, 2018. *See id.* § 201.013(b). The district court's plenary power and deadlines for appeal began to run from the date of the final order, rendered by the referring district court judge, Judge Lombardino, on June 25, 2018. *See Gerke*, 492 S.W.3d at 794 (holding that under family code, "[a]ppellate jurisdiction is not conveyed by signing an appropriately drafted final order, but by rendering one"; that, except in certain limited circumstances not applicable here, referring judge is only judge with authority to render final order; and that controlling date for purposes of appeal is date order is signed, and thus "rendered," by referring judge); *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, pet. denied) (citing Rule 329b(d) and holding that "a trial court retains jurisdiction over a case for a minimum of thirty days after signing a *final* judgment." (emphasis added)).

9

Accordingly, we reject Mathis's contention that Associate Judge Sydow's April 1, 2016 order was void or that District Judge Lombardino lacked "plenary power over the Final Order of April 1, 2016." We overrule Mathis's sole issue on appeal.

## Conclusion

We affirm the final order of the district court.


Richard Hightower
Justice

Panel consists of Justices Kelly, Hightower, and Countiss.