**Dismissed and Memorandum Opinion filed March 16, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00784-CV

## IN THE INTEREST OF K.M.H., A CHILD

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2019-46295**

## MEMORANDUM OPINION

In this attempted appeal from a report of an associate judge recommending the termination of a parent-child relationship, the threshold question is whether the report is actually final and appealable. Our answer to that question is "no." Thus, without considering any merits issues, we dismiss the appeal for want of jurisdiction.

## BACKGROUND

The Department filed a petition to terminate the parental rights of Mother and Father. The district court referred the case to an associate judge, who conducted a nonjury trial on the merits. During that trial, Mother filed an irrevocable affidavit

voluntarily relinquishing her parental rights. Father did not file a similar affidavit. Instead, Father affirmatively sought to preserve his parental rights. Nevertheless, at the end of the trial, the associate judge made written findings and recommendations that certain predicate grounds for termination had been proven, that termination was in the child's best interest, and that Father's parental rights should be terminated. These findings and recommendations were included in a single document that was styled in different sections as a "Decree for Termination" and as the "Associate Judge's Report."

Father filed a notice of appeal, in which he asserted that the Associate Judge's Report was a final order. He also timely requested a de novo hearing before the district court. After the expiration of more than thirty days, the district court had not conducted this de novo hearing.

The Department then filed a plea to the jurisdiction. The Department asserted that the Associate Judge's Report was a final order, just as Father had asserted in his notice of appeal; that under Rule 329b of the Texas Rules of Civil Procedure, the district court had only thirty days to modify, correct, or reform the final order; that the thirty-day deadline had already passed; and that Father's request for a de novo hearing had not extended the district court's plenary power. The Department accordingly argued that the district court could not make any further findings, and that the case should simply proceed to Father's appeal.

The district court conducted a hearing on the plea to the jurisdiction, which the district court orally granted. The district court neither reduced this oral ruling to a written order, nor signed a final order of termination adopting the Associate Judge's Report.

2

## ANALYSIS

In his original brief, Father solely challenged whether the evidence was sufficient to support the associate judge's predicate findings and best-interest determination. But in an amended brief, Father added a jurisdictional challenge based on the district court's failure to sign an order adopting the Associate Judge's Report. Without such an order, Father argues that there is no final order, and that this court lacks a basis for exercising appellate jurisdiction.

The Department filed a motion to dismiss the appeal on the same grounds. In effect, both sides now agree—contrary to their positions in the district court—that there is no final order of termination.

We consider questions of finality and jurisdiction under a de novo standard of review. *See Matter of Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam). Unless a statute specifically authorizes an interlocutory appeal, an appellate court generally only has jurisdiction over a judgment that is final. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). We are not aware of any statute in the Family Code, Civil Practice and Remedies Code, or elsewhere authorizing an interlocutory appeal from an associate judge's report proposing a final order of termination. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (enumerating certain rulings from which an interlocutory appeal may be taken). Thus, we can only exercise jurisdiction over this appeal if the Associate Judge's Report is a final order.

An associate judge's report can be final in some situations, as we soon discuss, but our statutory law contemplates a scheme in which the report is not final until adopted by the referring court. For example, our law provides that the report may contain "recommendations" and be "in the form of a proposed order." *See* Tex. Fam. Code § 201.011(a). Once completed, the report must be sent to the referring court. *See* Tex. Fam. Code § 201.011(e). A party may then request the referring court for

3

a de novo hearing, where issues can be reconsidered and witnesses may be presented. *See* Tex. Fam. Code § 201.015(a), (c). If a party does not request a de novo hearing, the referring court may adopt, modify, or reject the associate judge's report; hear further evidence; or recommit the matter to the associate judge for further proceedings. *See* Tex. Fam. Code § 201.014(a). In those situations where a de novo hearing has not been requested, the associate judge's report generally becomes the final order of the referring court only upon the referring court's signature. *See* Tex. Fam. Code § 201.013(b).

As previously indicated, there are also situations in which an associate judge can render a final order on his or her own, without any further involvement from the referring court. Our statutory law describes these situations in two provisions.

Under the first provision, an associate judge has the power to render and sign a final agreed order; a final default order; or a final order in a case in which a party has filed an unrevoked waiver to notice of, or appearance at, the final hearing. *See* Tex. Fam. Code § 201.007(a)(14). None of these situations applies here. Father did not agree to the form and substance of the Associate Judge's Report, nor could a default order be rendered against Father because he affirmatively appeared at the trial. Although Mother had filed an unrevoked waiver to notice of, and appearance at, the final hearing, Father did not file a similar waiver, and the associate judge's power to render and sign a final order under this provision is "without prejudice to the right to a de novo hearing before the referring court," which Father timely exercised. *Id.*

Under the second provision, an associate judge has the power to render and sign a final order if the parties sign a document in writing waiving their right to a de novo hearing before the referring court. *See* Tex. Fam. Code § 201.007(a)(16). The record does not reveal that Father ever signed any such document.

4

The record indicates instead that the Associate Judge's Report was not intended to be final. The report itself was written as a "recommendation," and it contained an unsigned "Order Adopting Associate Judge's Report." We hold that the referring court was required to sign this order, or take some other action to modify the Associate Judge's Report, before a final order of termination could be rendered. *See* Tex. Fam. Code § 201.016(b) (providing that the date of the order or judgment signed by the referring court is "the controlling date for the purposes of appeal," unless the associate judge rendered an agreed order, a default order, or a final order based on a party's waiver); *In re A.G.D.M.*, 533 S.W.3d 546, 547 (Tex. App.—Amarillo 2017, no pet.) ("Being a 'recommendation,' further action must occur before it becomes final and appealable. It may be adopted, modified, rejected or sent back by the referring court. And, it becomes final and appealable only when signed by the judge of the referring court, and not before. Because the 'recommendation' here has yet to be signed by the judge of the referring court (or any other judge authorized to sign on behalf of the referring court), it is not appealable."); *In re Anderson*, No. 14-05-00820-CV, 2005 WL 3074680, at *1 (Tex. App.—Houston [14th Dist.] Nov. 15, 2005) (mem. op.) (per curiam) ("The findings and recommendations of the associate judge do not become the order of the referring court until the referring court signs an order.").

Absent a final order, we conclude we must dismiss the appeal for want of jurisdiction.

## CONCLUSION

The appeal is dismissed for want of jurisdiction.

/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain.