**AFFIRMED and Opinion Filed August 12, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00428-CV**

**MARCUS JARROD PAYNE, Appellant**
**V.**
**STACY ELEY (PAYNE), Appellee**

**On Appeal from the 303rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-20-00663**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

Marcus Payne appeals pro se from the trial court's judgments awarding Stacy

Eley attorney's fees and sanctions against him in connection with post-divorce

litigation. On appeal, Mr. Payne requests that we vacate the associate judge's

sanctions order and the district court's order granting attorney's fees. We affirm in

this memorandum opinion. *See* TEX. R. APP. P. 47.4.

A December 2019 agreed divorce decree in case number DF-19-09267

provided, among other things, that:

(1) Mr. Payne would receive portions of three of Ms. Eley's retirement accounts, pursuant to Qualified Domestic Relations Orders (QDROs) that the court would enter either upon or after entering the decree;

(2) Mr. Payne would be required to "pay 100% for cost of QDRO drafting and submission"; and

(3) to "effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case."

Mr. Payne filed this lawsuit in January 2020, seeking entry of post-divorce QDROs. Ms. Eley objected to Mr. Payne's proposed QDROs, arguing that they were incomplete and inconsistent with the divorce decree. She thus submitted her own proposed QDROs. After a hearing, the trial court rejected Mr. Payne's proposed QDROs, entered Ms. Eley's proposed QDROs, and ordered Mr. Payne to pay $13,456.00 in attorney's fees.

Mr. Payne contested Ms. Eley's request to enter judgment on the fee award. As a result, in addition to the initial $13,456.00 fee award, the court entered judgments awarding Ms. Eley an additional $4,853.36 in fees and costs related to Ms. Eley's second motion to enter judgment and $1,100 in fees related to Ms. Eley's third motion to enter judgment. The trial court later adopted the associate judge's recommendation to sanction Mr. Payne an additional $5,000, finding that Mr. Payne's actions in the case had "been groundless and for purposes of harassment."

Mr. Payne lodges several complaints, generally claiming the trial court erroneously modified the divorce decree to improperly shift Ms. Eley's attorney's

fees for preparing the QDROs to him. He also argues the trial court erred when it "failed to set forth a statutory and legal basis in its order awarding attorney's fees [of $13,456] to Appellee." His complaints stem from a misreading of the decree.

We read agreed divorce decrees as contracts, subject to the usual rules of contract construction, including harmonizing and giving effect to all provisions of the entire decree so none will be rendered meaningless. *See McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). The decree here first includes a provision specific to the QDRO process, stating that "Husband shall pay 100% for cost of QDRO drafting and submission." Seven pages later, the decree includes a general provision, "Attorney's Fees," which states: "To effect an equitable division of the estate of the parties and as a part of the division, each party shall be responsible for his or her own attorney's fees, expenses, and costs incurred as a result of legal representation in this case."

In order to avoid rendering a provision meaningless, which Mr. Payne's interpretation would require, we conclude the QDRO-drafting-specific cost provision must prevail over the more general fee provision. *See In re W.L.W.*, 370 S.W.3d 799, 805–06 (Tex. App.—Fort Worth 2012, orig. proceeding) (citing *Wells Fargo Bank, Minn., N.A. v. N. Cent. Plaza I, L.L.P.*, 194 S.W.3d 723, 726 (Tex. App.—Dallas 2006, pet. denied)). Ordering Mr. Payne to pay this specific type of fee does not rewrite the more general decree language saying each party would pay its own fees, and it does not implicate Family Code § 9.007; instead, it properly gives

voice to a specific fee provision for QDRO "drafting and submission." *See id.*; *Coker*, 650 S.W.2d at 393.

For this reason too, our conclusion does not implicate the preclusion or estoppel principles Mr. Payne suggests it does. Nor does it implicate Family Code § 9.014, as he suggests, applicable only to suits to enforce a decree. *See In re Marriage of Spahn*, No. 10-09-00254-CV, 2010 WL 2432089, at *1 (Tex. App.—Waco June 16, 2010, no pet.) (mem. op.). Lastly, though Mr. Payne timely filed a request for findings of fact and conclusions of law, *see* TEX. R. APP. P. 296, he failed to file a notice of late findings of fact. *See* TEX. R. CIV. P. 297. Mr. Payne has thus waived any complaint that the trial court failed to enter findings of fact and conclusions of law. *See id.*; *Burns v. Burns*, 116 S.W.3d 916, 922 (Tex. App.—Dallas 2003, no pet.). We overrule Mr. Payne's issues regarding fee shifting and decree modification.

Further, neither the Family Code nor the decree precluded Ms. Eley from either filing her own proposed QDROs or seeking attorney's fees as a sanction for violations of the Texas Rules of Civil Procedure. Mr. Payne points us to Family Code sections 9.103 and 9.104, which he claims prohibited Ms. Eley from filing her own QDROs after he filed his and allowed only a "plan administrator or other person acting in an equivalent capacity" to determine his proposed QDROs were unsatisfactory.

Section 9.103 allows "[a] party" to petition a court to render QDROs, but contains no exclusionary language as to who could provide proposed QDROs and no language prohibiting both parties from providing proposed QDROs. Section 9.104 merely provides a court continuing, exclusive jurisdiction if a plan administrator determines a domestic relations order fails to satisfy requirements for a QDRO. It does nothing to limit a court's power or discretion to evaluate initial proposed orders before it, such as those before the court in this case.

Next, Mr. Payne argues the trial court's sanctions orders were "conclusory, threadbare, and unsupported" and that it improperly adopted the associate judge's reports. He further complains the trial court erred when it failed to describe his conduct warranting sanctions, failing to comply with Texas Civil Practice and Remedies Code Chapter 10 and Texas Rule of Civil Procedure 13 in adopting the orders awarding fees to Ms. Eley.

But Family Code § 9.106 states that a court, with regards to post-decree QDROs, "may award reasonable attorney's fees." The word "may" in this context provides the court discretion to award fees. *See* TEX. GOV'T CODE § 311.016(1). Section 9.106 contains no provision requiring the court to set forth the basis for a fee award and we find no abuse of that discretion in this fee award. *See Bowles v.*

*Bowles*, No. 08-23-00311-CV, 2024 WL 1834375, at *4 (Tex. App.—El Paso Apr. 26, 2024, no pet.) (mem. op.). We overrule this issue.[1]

Mr. Payne also argues the trial court abused its discretion when it disregarded his objections to Ms. Eley's creation of QDROs (1) in violation of the divorce decree and (2) despite his pending motion to recuse. We have already concluded the language in the divorce decree did not preclude Ms. Eley from filing her own proposed QDROs. In any event, Mr. Payne did not brief the alleged impropriety of the trial court's ruling despite his pending motion to recuse and thus has presented the court nothing for review. *See* TEX. R. APP. P. 38.1(i).

Finally, regarding Mr. Payne's request to vacate the associate judge's $5,000 "sanctions order," the associate judge's report is not a final order or decree and we lack jurisdiction to review it. *In re A.G.D.M.*, 533 S.W.3d 546, 547 (Tex. App.—Amarillo 2017, no pet.). Mr. Payne also failed to include the district court's May 14, 2021 order adopting this associate judge report in his notice of appeal, and for that reason too we would lack jurisdiction to review that order. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545–46 (Tex. App.—Dallas 2009, no pet.).

---

[1] Even so, after an evidentiary hearing, the trial court concluded that Payne's objections "were groundless and brought in bad faith or for the purpose of harassment"; this is all that is necessary to support a rule 13 sanctions award. *See* TEX. R. CIV. P. 13; *Barnes v. Kinser*, 600 S.W.3d 506, 510 (Tex. App.—Dallas 2020, pet. denied) ("[T]he focus of a sanctions inquiry is the conduct of the party or lawyer at the time the pleading was filed . . . The question is whether, using an objective standard, the party and its counsel made a reasonable inquiry into the legal and factual basis of the claim before filing it.").

Having overruled Mr. Payne's arguments on appeal, we affirm the judgment of the trial court.



/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

210428F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARCUS JARROD PAYNE,
Appellant

No. 05-21-00428-CV      V.

STACY ELEY (PAYNE), Appellee

On Appeal from the 303rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-20-00663.
Opinion delivered by Justice Carlyle.
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee STACY ELEY (PAYNE) recover her costs of this appeal from appellant MARCUS JARROD PAYNE.

Judgment entered August 12, 2024