

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00397-CV

---

IN THE INTEREST OF A.G.D.M., A CHILD

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2013-505,390, Honorable John C. Grace, Presiding

---

August 4, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

This appeal is one more chapter in the ongoing familial relationship between AM, his ex-wife SJ, and their child AGDM. *See, e.g.*, *In re A.G.D.M.*, 533 S.W.3d 546 (Tex. App.—Amarillo 2017, no pet.); *In re A.G.D.[M.]*, No. 07-15-00201-CV, 2016 Tex. App. LEXIS 688 (Tex. App.—Amarillo Jan. 22, 2016, no pet.) (mem. op.); *In re Marriage of McDaniel*, No. 07-13-00372-CV, 2015 Tex. App. LEXIS 1697, at *13–14 (Tex. App.—Amarillo Feb. 19, 2015, no pet.) (mem. op.). This time, AM appealed from an October 2024 final order in a suit affecting the parent-child relationship. He prays that "the ruling be remanded for the trial so that a proper decision on possession and access can be rendered." We interpret this as his desire to appeal the trial court's declaration that

"Petitioner's request for possession and/or access to the child is denied."  In so ordering, the trial court allegedly abused its discretion.  We affirm.

### Background

AGDM was born to AM and SJ in 2012.  Shortly before AGDM's birth, AM was convicted of possession of child pornography and sentenced to ninety-seven months in federal prison.  While AM was in prison, SJ divorced him.  Through the decree, the trial court appointed AM the possessory conservator of his daughter; yet, it denied the imprisoned father access to or visitation with his child.

Eventually, AM served his sentence, resulting in his exit from prison.  Though freed, there remain conditions to his continued release that last until 2029.  One such condition dictates that he "shall have no unsupervised contact with persons under the age of 18," which age period includes AGDM.

Through his first effort to change the terms of custody and visitation since his release, AM petitioned the court to modify its existing orders and grant him "possession of the child pursuant to the provisions of a Standard Possession Order as that term is defined by the Texas Family Code."  In response, SJ petitioned for an increase in child support.  An evidentiary hearing ensued.  Thereafter, the trial court denied the requests of both AM and SJ, though both remained AGDM's possessory and managing conservators, respectively.

### Issue Two

AM proffered two issues for review.[1]  The first concerned the sufficiency of the evidence underlying several findings of fact entered by the trial court.  The second

---

[1] Appellant's brief contains multiple inaccuracies that proofreading should have discovered.  Many related to wrong citations to the reporter's record.

2

encompassed the denial of AM's petition and request therein; according to appellant, the decision constituted an instanced of abused discretion. We note that the former argument is actually subsumed within the latter via the applicable standard of review. So, we address issue two now and overrule it.

Our analysis begins with a description of the standard of review. It is one of abused discretion. *In re D.N.W.*, No. 05-23-01104-CV, 2024 Tex. App. LEXIS 9124, at *4 (Tex. App.—Dallas Dec. 30, 2024, no pet.) (mem. op.). Discretion is abused when the trial court's decision is arbitrary and unreasonable or lacks reference to guiding principles. *In re A.M.*, 604 S.W.3d 192, 196–97 (Tex. App.—Amarillo 2020, pet. denied). Under that standard, allegations attacking the legal and factual sufficiency of the evidence underlying the decision are not independent grounds for reversal but, rather, factors in determining the presence of abused discretion. *See In re Marriage of Tuttle*, 602 S.W.3d 9, 12 (Tex. App.—Amarillo 2020, no pet.). Moreover, the standard obligates us to affirm the decision if meritorious on any ground, even one unmentioned by the trial court or litigants. *See Falcon v. State*, Nos. 07-22-00301-CR, 07-23-00019-CR, 2023 Tex. App. LEXIS 9442, at *6 (Tex. App.—Amarillo Dec. 19, 2023, no pet.) (mem. op., not designated for publication); *Payton v. Ashton*, 29 S.W.3d 896, 899 (Tex. App.—Amarillo 2000, no pet.).

As previously mentioned, AM petitioned the court for implementation of a standard possession order. *See* TEX. FAM. CODE ANN. § 153.312(a) (specifying the standard possession order when parents reside within 100 miles of each other). Such an order generally affords a possessory conservator the authority to possess the child for extended periods. *See, e.g.*, § 153.312(b)(2)(A) (allowing the possessory conservator to have the child for up to thirty days during the summer). Yet, again, one of the conditions of

supervised release from prison barred AM from being in the unsupervised presence of people under eighteen years old. That the provision necessarily encompassed AGDM given her age was not disputed. So, to award AM access to and custody of his daughter per a standard possession order would be to invite violation of a condition of supervised release imposed by the federal government. He could not be in the child's unsupervised presence for any period of time, much less the extended periods contemplated by a standard possession order. Given those circumstances, we cannot say that the trial court's decision denying AM standard possession of AGDM per § 153.312 of the Family Code was unreasonable, arbitrary, or without evidentiary support.

And, contrary to AM's suggestion otherwise, the trial court did not order that he have "no contact" with or otherwise be totally denied access to AGDM. No such provision appears in the trial court's order. Admittedly, within the findings of fact issued by the trial court one finds the statement: "[i]t is in the best interest of the child for Petitioner to have **no contact** with the child." (Emphasis added). Yet, findings of fact and conclusions of law explain the reasons for an order or judgment; they do not change the order or judgment. *In re Gillespie*, 124 S.W.3d 699, 703 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding) (en banc); *Pursley v. Ussery*, 982 S.W.2d 596, 599 n.2 (Tex. App.— San Antonio 1998, pet. denied). No doubt, an edict barring AM from all contact with AGDM is much more severe than merely denying AM standard possession of the child. The former would effectively alter the order which simply denied what AM requested via his petition to modify. And, the rule uttered in *Gillespie* and *Pursley* prevents that from occurring. So, in short, AM was not ordered to forgo all contact with his daughter. We

4

construe the order under appeal as merely denying him possession and access to AGDM per the terms of a standard possession order discussed in § 153.312.

It is not lost on us that the relationship between AM and SJ is rather acrimonious. Indeed, the trial court faulted both of them for the impediment to a better relationship between AM and AGDM. Evidence does indicate that the child's mother has actively thwarted that relationship. Yet, we cannot agree with AM's suggestion that the order under appeal rewards SJ for her unacceptable conduct. Rather, the evidence provided the trial court with basis to deny AM's request for a standard possession order. Should he again attempt to modify the custody and possession of his child, the trial court can well see that the true best interests of the child are fostered irrespective of efforts by any parent to foist his or her respective bias upon the child.

We affirm the trial court's October 29, 2024 order in a suit to modify the parent child relationship.

Brian Quinn
Chief Justice