Opinion issued August 4, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00788-CV

———————————

**DONALD GAUCI, Appellant**

**V.**

**KATHRYN WOESSNER GAUCI, Appellee**

---

**On Appeal from the Probate Court No. 2**
**Harris County, Texas**
**Trial Court Case No. 430,385**

---

## O P I N I O N

This is an appeal from an order appointing appellee Kathryn Woessner Gauci as the sole guardian of her son. On appeal, the ward's father, Donald Gauci argues that the guardianship order is void because neither he nor the ward was personally served in the suit and because the court did not hold a hearing on the

guardianship application. Kathryn contends that neither personal service nor a hearing were required under the expedited provisions of Chapter 1103 of the Texas Estates Code, which provides for appointment of a guardian for an incapacitated minor who would require guardianship as an adult.

Because the ward was not personally served, the court lacked jurisdiction, and we therefore vacate the guardianship order.

**Background**

Kathryn and Donald were divorced in 2011 and named joint managing conservators of their three children, including their son, M.G., who is autistic. Two days before M.G.'s eighteenth birthday, Kathryn filed an application to become his permanent guardian. The Estates Code includes a procedure for appointing a guardian to a minor who, because of incapacity, will require a guardianship after he turns 18. *See* TEX. EST. CODE § 1103.001. The statute authorizes a court to appoint a guardian without holding a hearing when the proposed ward is a "disabled child" and the proposed guardian is a conservator of the child. *Id.* § 1103.002. Kathryn sought appointment as M.G.'s guardian under this provision, and she provided letters from a psychologist and a psychiatrist who had evaluated M.G. and opined that a partial guardianship was warranted.

Neither M.G. nor Donald was personally served with citation of the guardianship application. Without holding a hearing on the application, the trial

court determined that M.G. was incapacitated and in need of a guardianship. It appointed Kathryn as his guardian.

One month later, Donald filed a bill of review, a motion to set aside the guardianship, and a motion for new trial. He argued that he and M.G. were denied due process because they were not personally served with citation of Kathryn's application for guardianship. He also argued that the lack of service deprived the court of jurisdiction. Finally, Donald argued that Kathryn was not entitled to use the expedited guardianship procedure in Section 1103 because M.G. had not been adjudicated a "disabled child."

The trial court denied the requested relief, but it also recognized a potential problem. The judge orally ordered "another hearing to determine the advisability of the guardianship" after getting "everybody personally served." The appellate record does not show whether the further proceedings anticipated by the trial court ever took place. Instead, Donald appealed.

## Analysis

The purpose of a guardianship is "to promote and to protect the well-being of the incapacitated person," and when less than full guardianship is appropriate, "the court shall design the guardianship to encourage the development or maintenance of maximum self-reliance and independence in the incapacitated person." TEX. EST. CODE § 1001.001. Because "a person's liberty interest is

3

implicated in guardianship proceedings," *In re Guardianship of Hahn*, 276 S.W.3d 515, 517 (Tex. App.—San Antonio 2008, no pet.), the Estates Code sets out "uniform, strict procedural safeguards to protect a person's liberty and property interests before a court may take the drastic action of removing [his] ability to make [his] own legal decisions." *Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 499 (Tex. App.—Austin 2003, no pet.).

In his first issue, Donald argues that the court's order is void because the court lacked jurisdiction over M.G. Because a trial court's subject-matter jurisdiction is a question of law, we review this issue de novo. *See Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *accord In re Guardianship of Erickson*, 208 S.W.3d 737, 740 (Tex. App.—Texarkana 2006, no pet.).

"Before a court may enter judgment against a party, the court must have obtained jurisdiction over that party pursuant to applicable rules or statutes." *Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). A judgment rendered by a trial court that lacks jurisdiction over the parties or subject matter is void. *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012); *Erickson*, 208 S.W.3d at 740; *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 511–12 (Tex. App.—Corpus Christi 1990, no writ). A judgment that is void is "entirely null within itself, not binding on either party, [and] . . . not

4

susceptible of ratification or confirmation." *See Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972) (quoting *Murchison v. White*, 54 Tex. 78 (1880)). "[A] judgment is void if the defects in service are so substantial that the defendant was not afforded due process." *PNS Stores*, 379 S.W.3d at 275.

Due process requires notice "at a meaningful time and in a meaningful manner" that would enable a party to be bound by a court's judgment to have an opportunity to be heard. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86, 108 S. Ct. 896, 899 (1988); *accord Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). "[A] judgment entered without notice or service is constitutionally infirm." *Peralta*, 485 U.S. at 84, 108 S. Ct. at 899; *see In re Guardianship of Jordan*, 348 S.W.3d 401, 405 (Tex. App.—Beaumont 2011, no pet.) ("The constitutional right to due process of law restricts the ability of a court to render a judgment binding a party without proper notice.").

In satisfaction of these well-understood due process concerns, Chapter 1051, Subchapter C of the Estates Code imposes notice and citation requirements generally applicable to guardianship proceedings. "On the filing of an application for guardianship, notice shall be issued and served as provided by this subchapter." TEX. EST. CODE § 1051.101(a). The Estates Code specifically provides that the "sheriff or other officer shall personally serve citation to appear and answer an application for guardianship on . . . a proposed ward who is 12 years of age or

5

older." *Id.* § 1051.103(a). Failure to personally serve an application for guardianship on a proposed ward deprives the court of jurisdiction. *See Erickson*, 208 S.W.3d at 740; *accord Whatley*, 302 S.W.3d at 321. Furthermore, the person filing an application for guardianship is also required to "mail a copy of the application and a notice containing the information required in the citation issued under Section 1051.102 by registered or certified mail, return receipt requested, or by any other form of mail that provides proof of delivery, to . . . each of the proposed ward's parents . . . ." TEX. EST. CODE § 1051.104(a)(9).

It is undisputed that M.G. was not personally served with citation of Kathryn's application for guardianship before the trial court entered its order appointing her as guardian. Accordingly, we conclude that the court lacked personal jurisdiction over M.G. at that time it appointed appointed Kathryn as guardian.

Kathryn argues that the requirements of Section 1103.002 ("Appointment of Conservator as Guardian Without Hearing") stand alone and may be applied independently of any other requirement in the Estates Code because the statute begins with the phrase: "Notwithstanding any other law." *See id.* § 1103.002(a). To the extent Kathryn reads this phrase to excuse her from the ordinary procedural requirements that affected parties receive notice and an opportunity to be heard, we reject that contention both as a matter of statutory interpretation and as a matter of

due process. Section 1103.002(a)'s reference to the "other law" trumped by the special Chapter 1103 procedure for appointing a guardian for certain minors requiring guardianship as adults is far more plausibly understood to reference other guardianship appointment procedures, such as the general procedure for appointment of a guardian detailed in Estates Code Chapter 1101. The structure of the Estates Code's guardianship provisions under Title 3 includes an overarching set of general provisions for notice and process in all guardianship proceedings, found in Chapter 1051. Section 1103.002 authorizes the appointment of a conservator as guardian without a hearing, "[n]otwithstanding any other law," such as other guardianship appointment procedures that do require a hearing. *See, e.g.*, *id.* § 1055.051(a) (precluding consideration by submission of contested Title 3 motions or any "application for the appointment of a guardian"). It makes little sense to understand the reference "[n]otwithstanding any other law" to dispense also with the generally applicable provisions for notices and process, particularly considering the due process rights that are protected by such provisions. To the extent there could be any ambiguity in the matter, we presume statutes to be constitutionally valid, and if possible we interpret a statute so as to avoid constitutional infirmities. *See, e.g.*, *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996); Antonin Scalia & Bryan A. Garner, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 66–68 (2012).

Simply put, a guardianship statute cannot eliminate the need for a court to establish in personam jurisdiction over the ward before rendering judgment binding a party, nor can it dispose of an individual's right to have a meaningful opportunity to be heard when his liberty interests are at stake. *Cf. PHC-Minden, L.P. v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 174 (Tex. 2007) ("[P]ersonal jurisdiction involves due process considerations that may not be overridden by statutes or the common law."). And we do not read Chapter 1103 to include any such impermissible procedure.

Having found that the trial court lacked personal jurisdiction over M.G., we hold that the guardianship order in this case is void. We sustain Donald's first issue, and in light of this disposition, we need not address the parties' other arguments.

## Conclusion

We vacate the guardianship order and render judgment dismissing the case for lack of personal jurisdiction.

<div style="margin-left:50%">

Michael Massengale
Justice

</div>

Panel consists of Chief Justice Radack and Justices Higley and Massengale.