

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-20-00222-CV
_____

IN THE MATTER OF GENE TURK, AN INCAPACITATED PERSON

On Appeal from the County Court at Law No. 1
McLennan County, Texas[1]
Trial Court No. 20200041 GDN, Honorable Vikram Deivanayagam, Presiding

April 7, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Steven Turk, appeals the trial court's order appointing Leslie Turk as guardian of the person of Gene Turk. By his appeal, Steven raises four issues. We vacate the order appointing Leslie as guardian for lack of jurisdiction and remand these proceedings.

---

[1] Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Background

In April of 2019, Steven Turk filed an application in Somervell County to become the permanent guardian over the person and estate of his seventy-eight-year-old father, Gene Turk. The court appointed Kathryn C. Shane as attorney ad litem to represent Gene and his estate, and she filed an answer on Gene's behalf. In March of 2020, an independent medical examination concluded that Gene was totally incapacitated.

A hearing on Steven's application was held on May 4, 2020. Steven and Gene's wife, Leslie,[2] were the only witnesses. After testimony, the judge announced he was appointing Leslie as the guardian of Gene's person. Steven objected that Leslie had not filed an application for guardianship and, therefore, the court could not consider her for appointment. The judge replied, "[W]ell, we're going to see about that." A discussion on the record followed during which the judge referenced a conversation he had with Gene and Leslie "about [Gene's] wishes and his desires before he was examined by a doctor." The judge stated that Gene had indicated that he wished to stay with Leslie. The judge then asked the attorney ad litem if she could assist Leslie with filing the oath and an application. After further discussion, the attorney ad litem suggested that the judge should "hold" the order until the guardianship application was filed.

Unbeknownst to Steven, the judge signed the order appointing Leslie as guardian and the order was filed shortly after the hearing on May 4. The clerk's record shows that, the next day, the judge sent an email to "KayCee Shane; Kim Jackson," stating "No

---

[2] The reporter's record lists Leslie as a "respondent appearing pro se." The clerk's record shows no pleadings filed by Leslie before the hearing on Steven's application.

service will be required in cause G-00062 Gene Turk."[3]  On May 6, Leslie's application for appointment as guardian was filed by the attorney ad litem.

On June 15, Steven learned that a guardianship order had been signed on May 4. On June 22, Steven filed an "Emergency Motion to Reinstate and Motion for Extension of Judgment Pursuant to Tex. R. Civ. P. 306[a]" and his notice of appeal.[4]

Steven timely filed this appeal.  By his appeal, Steven raises four issues.  In his first issue, Steven asserts that the trial court[5] erred in appointing Leslie as Gene's guardian because she had no pleadings on file requesting relief at the time of the hearing on Steven's application and her application was not filed or served in accordance with the Estates Code.  In his second issue, Steven argues that the trial court's order is void for lack of subject-matter jurisdiction because of non-compliance with the Estates Code's citation and notice requirements.  In his third issue, Steven challenges the sufficiency of the evidence supporting Leslie's appointment as guardian and the trial court's reliance on ex parte conversations with Gene and Leslie.  In his fourth issue, Steven asserts that the trial court abused its discretion by directing the attorney ad litem for Gene to file Leslie's application for guardianship.  No briefing was filed by Leslie or the attorney ad litem on appeal.

---

[3] The record does not establish Kim Jackson's connection to the case, but suggests that Jackson was a deputy clerk in the Somervell County Clerk's Office.

[4] On July 9, 2020, the guardianship was transferred to McLennan County.  On August 14, the McLennan County Court at Law No. 1 granted Steven's motion for extension of post-judgment deadlines.

[5] Steven's complaints on appeal concern the guardianship order and trial conducted by the Somervell County judge, Danny L. Chambers.

Discussion and Law

Jurisdiction of Guardianship Proceedings

By his first two issues, Steven implicates our jurisdiction over this appeal.  In his first issue, Steven asserts, in part, that the judgment did not conform to the pleadings, rendering the judgment void.  In his second issue, Steven contends the trial court's order of guardianship is void because of Leslie's failure to comply with the Estates Code's citation and notice provisions.

We review issues concerning a trial court's subject-matter jurisdiction de novo. *Gauci v. Gauci,* 471 S.W.3d 899, 901 (Tex. App.—Houston [1st Dist.] 2015, no pet.).  A judgment or order entered without jurisdiction is void.  *Id.*  "[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."  *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623-24 (Tex. 2012) (per curiam); *see In re Guardianship of Gafford,* No. 01-17-00634-CV, 2019 Tex. App. LEXIS 4002, at *6-8 (Tex. App.—Houston [1st Dist.] May 16, 2019, no pet.) (mem. op.) (failure to comply with Estates Code's citation and notice provisions deprives trial court of jurisdiction).

A trial court's judgment must conform to the pleadings.  *See* TEX. R. CIV. P. 301. "A court's jurisdiction to render judgment is invoked by pleadings, and a judgment unsupported by pleadings is void."  *In re Guardianship of Winn,* 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *Ex parte Fleming*, 532 S.W.2d 122, 123 (Tex. Civ.

4

App.—Dallas 1975, no writ). Absent trial by consent, judgment on an unpleaded action is void. *See Stoner v. Thompson*, 578 S.W.2d 679, 682-83 (Tex. 1979).

In this case, the trial court entered an order on May 4, 2020, appointing Leslie as the permanent guardian of Gene's person. On May 4, the only pleading in the record constituting an application for appointment of a guardian was an application filed by Steven requesting his appointment as the guardian of Gene's person and estate. Steven had no notice that the court was considering Leslie's appointment because she had not filed any pleadings requesting affirmative relief. Leslie filed her application for guardianship on May 6—two days after the hearing.

When the trial court rendered judgment, Leslie did not have any pleadings before the court. A trial court's judgment must conform to the pleadings or the judgment is void. TEX. R. CIV. P. 301; *In re S.A.A.*, 279 S.W.3d 853, 856 (Tex. App.—Dallas 2009, no pet). As the trial court's judgment is not supported by the pleadings, the order appointing Leslie is void. *In re Guardianship of Winn*, 372 S.W.3d at 297.

Moreover, the trial court circumvented the procedural requirements for appointing a guardian when it appointed Leslie without a pending application, in its sua sponte determination that service on Gene was unnecessary, and in taking action on a guardianship application before the statutory time frame elapsed. *See* §§ 1051.103(a)(1), .104(a)(1), .106 (West 2020); *In re Redding*, No. 12-07-00098-CV, 2007 Tex. App. LEXIS 3329, at *6-9 (Tex. App.—Tyler 2007, orig. proceeding) (mem. op.) (failure to comply with citation and notice provisions does not invoke probate court's jurisdiction to appoint permanent guardian if ten days plus a Monday have not passed since the filing of the

5

application regardless of whether court orally pronounces judgment appointing a guardian before then). Failure to serve the proposed ward with citation is jurisdictional, and a court's subsequent order appointing a guardian without proper service on the ward is void. *Whatley v. Walker*, 302 S.W.3d 314, 321 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see* TEX. R. CIV. P. 124. We sustain Steven's first two issues. Accordingly, we vacate the order appointing Leslie as guardian of the person and remand the cause to the trial court.[6]

Death of Proposed Ward

While this appeal was pending, we were notified that Gene passed away. As such, the guardianship of the person is no longer necessary. However, there may remain other matters in controversy that were not rendered moot by Gene's death that fall under the trial court's jurisdiction. *See Zipp v. Wuemling*, 218 S.W.3d 71, 74 (Tex. 2007) ("When there is a dispute as to who shall settle the estate, a justiciable controversy exists."). Because Gene was the proposed ward in a pending guardianship proceeding at the time of his death, we remand these proceedings to the probate court to address any remaining matters. *In re Guardianship of Peterson*, Nos. 01-15-00567-CV, 01-15-00586-CV, 2016 Tex. App. LEXIS 9364, at *12-13 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.).

---

[6] Steven's remaining issues are pretermitted. *See* TEX. R. APP. P. 47.1.

Conclusion

Having sustained Steven's challenge to the jurisdiction, we vacate the order appointing Leslie as guardian of the person and remand the proceedings to the trial court.


Judy C. Parker
Justice