

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-21-00163-CV |
| IN THE INTEREST OF: | § | Appeal from the |
| N.R.S., | § | 112th Judicial District Court |
| A CHILD. | § | of Crockett County, Texas |
| | § | (TC# 21-02-08131-CV) |

## MEMORANDUM OPINION

In this appeal, Appellant A.S. challenges the trial court's entry of a final order adjudicating

the parent-child relationship between himself and his child N.R.S.[1] In his sole issue, Appellant

argues that the trial court lacked jurisdiction over the case because it entered a final order after

failing to hold a trial on the merits before the one-year automatic dismissal date mandated by the

Family Code. And for that reason, Appellant argues that the final order is void. We disagree and

affirm the trial court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant and Mother are the biological parents of N.R.S. Mother, through another man,

D.B., had two other children (J.I.B. and E.J.B.). Based on allegations that the home where all three

---

[1] To protect the identities of the parties involved, we refer to them solely by their initials or by a family-role descriptor.

children resided was "filthy", that the children were in poor health, were not fed regularly, and that the home environment exposed the children to narcotics and domestic abuse, the Texas Department of Family and Protective Services (the Department) initiated proceedings to protect the children. Specifically, on May 28, 2019, the Department filed an "Original Petition for Protection of a Child, for Conservatorship, and for Termination in Suit Affecting the Parent-Child Relationship," seeking to terminate Appellant and Mother's parental rights to N.R.S. On June 7, 2019, the trial court entered an agreed temporary order appointing the Department as temporary managing conservator of N.R.S. and his siblings.

Based on the date of the Department's appointment as temporary managing conservator and pursuant to TEX.FAM.CODE ANN. § 263.306(a-1)(8), the trial court determined the "dismissal date" of the case to be June 8, 2020.[2] On March 26, 2020, the trial court signed a written order setting the trial for October 8, 2020. In the same order, the court extended the dismissal date to December 5, 2020, having found that "extraordinary circumstances necessitate[d] the children remaining in the temporary managing conservatorship of the Department" and that doing so was in the children's best interest.[3]

The court later held a "Final Hearing" on December 3, 2020. At that hearing, D.B. (the father of J.I.B. and E.J.B.) appeared but was unrepresented by counsel. Appellant was not present at the hearing because he had not been served with notice of the suit. The trial court determined that D.B. was indigent and appointed an attorney to represent him. The attorney for the Department

---

[2] As we explain below, the trial court must commence the trial on the merits or grant an extension (as limited by the statute) "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator[.] TEX.FAM.CODE ANN. § 263.401(a). Otherwise, "the court's jurisdiction over the suit affecting the parent-child relationship filed by the department . . . is terminated and the suit is automatically dismissed without a court order." *Id.*

[3] The extraordinary circumstances and best interest findings are specifically required as a predicate to an initial extension of the date of dismissal (not to exceed 180 days). TEX.FAM.CODE ANN. § 263.401(b).

then stated that the case involving N.R.S. was "set for final and our dismissal is on [December] 5th, but we could do a COVID extension if you would prefer, Your Honor, and then we just set it on February 11th to give [D.B.'s attorney] time to talk to his client." Counsel for Mother and D.B. agreed with this suggestion, and the court set both cases for January 7, 2021. The following exchange ensued:

> Department Attorney: [D.B.'s] case is set currently for February 11th for final trial, do you want me to --
>
> Trial Court: Let's leave -- do both of them for the COVID so that we can have some more time.[4]

Then, on January 4, 2021, the trial court in Appellant's case signed an "Order Retaining Suit on Court's Docket Pursuant To Supreme Court Emergency Order" that stated:

> **IT IS THEREFORE ORDERED**, pursuant to the Supreme Court's **THIRD, and TWENTY-NINTH EMERGENCY ORDERS REGARDING THE COVID-19 STATE OF DISASTER**, that this suit is retained on the Court's docket, that the Department is retained as Temporary Managing Conservator of **[N.R.S.], [J.I.B.] AND [E.J.B.]**, and that the new dismissal date for this suit is **May 10, 2021,** unless a trial on the merits has commenced by that date or the Supreme Court has further extended its Emergency Order. The Court determines that this is hereby set for a pre-trial hearing on **January 7, 2021 at 10:00a.m.** and trial will be set for **February 11, 2021 at 10:00 a.m**.
>
> **Rendered in open court on December 3, 2020 and SIGNED 1/4/2021.**

(emphasis in original). On February 11, 2021, the trial court commenced a bench trial and began to receive evidence and testimony, and at the end of the day the court placed the case in recess until May 6, 2021. The court also severed N.R.S.'s case from the original suit and made him the subject of a separate cause number. Following these events, Appellant entered an appearance and filed an answer through his appointed attorney ad litem on March 31, 2021.

---

[4] The trial court referred to "both of them" because D.B. was involved in another case set that day, involving a different child.

The trial court reconvened the bench trial on July 22, 2021 and August 23, 2021 during which Appellant appeared and was represented by his attorney ad litem. At the end of the trial, the court entered a "Final Order in Suit Affecting the Parent-Child Relationship" that appointed N.R.S.'s great grandmother as permanent managing conservator of N.R.S. and named Appellant and Mother as possessory conservators with limited rights of possession and access and the obligation to pay child support. The court later entered an amended final order that confirmed these dispositions. This appeal follows. In his sole issue, Appellant argues that the trial court lacked subject-matter jurisdiction to enter the final order because the court failed to render a valid order extending the dismissal date under TEX.FAM.CODE ANN. § 263.401, and because trial on the merits did not commence before the dismissal date.

## II. DISCUSSION

### A. Applicable Law

Whether a trial court had jurisdiction to render an order is a question of law that we review de novo. *Gauci v. Gauci*, 471 S.W.3d 899, 901 (Tex.App.--Houston [1st Dist.] 2015, no pet.). A judgment is void when the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). Jurisdiction is fundamental and may be raised at any time, including on appeal. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985) (per curiam).

The legal question before us turns on whether the trial court decided Appellant's case within the time parameters imposed by the legislature. The Texas Supreme Court has succinctly outlined the legislatively mandated timetable:

> The Texas Legislature enacted Texas Family Code section 263.401 to encourage prompt resolution of suits in which the Department of Family and Protective Services requests termination of the parent-child relationship or requests that the Department be named conservator of a child. Section 263.401 does this by requiring

4

trial courts presiding over such suits to commence the trial on the merits within one year after the initial temporary order. In extraordinary circumstances defined in section 263.401(b), trial courts may extend that one-year deadline, or "dismissal date" in the parlance of the statute. But if the trial court neither commences trial by the dismissal date nor extends it in accordance with section 263.401(b), the statute dictates a dire consequence: the trial court's jurisdiction over the suit "is terminated and the suit is automatically dismissed."

*Interest of G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021), *quoting* TEX.FAM.CODE ANN. § 263.401(a).

Section 263.401(a) provides that the trial court's jurisdiction over the Department's suit ends on the first Monday following the first anniversary of the Department's appointment as temporary managing conservator. TEX.FAM.CODE ANN. § 263.401(a). The suit is dismissed by operation of law if trial does not commence on or before that date. *Id.*

The statute, however, allows a trial court to extend the dismissal date. Under section 263.401(b),

Unless the court has commenced the trial on the merits, the court may not retain the suit on the court's docket after the time described by Subsection (a) unless the court finds that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child.

*Id*. § 263.401(b). If the court makes those findings, the court

may retain the suit on the court's docket for a period not to exceed 180 days after the time described by Subsection (a). If the court retains the suit on the court's docket, the court shall render an order in which the court: (1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by subsection (a); (2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

*Id*. In sum, a trial court's failure to timely extend the automatic dismissal date before that date passes renders the court without jurisdiction and the case is automatically dismissed. *Id.*

5

§ 263.401(a); *see G.X.H.*, 627 S.W.3d at 301 (stating that the "trial court's failure to timely extend the automatic dismissal date before that date passes . . . is jurisdictional").

The procedure for a trial court's extension of the deadlines in section 263.401 has been altered by the Texas Supreme Court's Emergency Orders on the COVID-19 pandemic. The court's First Emergency Order Regarding the COVID-19 State of Disaster, issued on March 13, 2020, provides that all courts may "modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule or order, for a stated period ending no longer than 30 days after the Governor's state of disaster has been lifted." *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020). The court subsequently clarified that the First Emergency Order applies to the extension of the deadlines in section 263.401. *Third Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 266, 267 (Tex. 2020). And on September 18, 2020, the court issued the Twenty-Ninth Emergency Order, which was operative at the time of the relevant events in this case. That order requires that "[s]ubject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . extend the initial dismissal date as calculated under section 263.401(a)[.]" *Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 863, 864 (Tex. 2020). But such an extension of the *initial* dismissal date must comply with section 263.401(b) or (b-1)—those sections requiring specific findings that the extension be based on (1) extraordinary circumstances, and (2) in the best interest of the child. *Id.*; TEX.FAM.CODE ANN. § 263.401(b). A subsequent extension, is subject to a different standard:

> Subject only to constitutional limitations, all courts in Texas may in any case, civil or criminal—and must to avoid risk to court staff, parties, attorneys, jurors, and the public—without a participant's consent . . . for any case previously retained on the court's docket pursuant to Section 263.401(b) or (b-1), or for any case whose dismissal date was previously modified under an Emergency Order of this Court

6

related to COVID-19, extend the dismissal date for an additional period not to exceed 180 days from the date of this Order to avoid risk to court staff, parties, attorneys, jurors, and the public.

*Twenty-Ninth Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 863, 864 (Tex. 2020).

### B. Analysis

Appellant argues that the trial court failed to: (1) either begin trial on the merits before the automatic dismissal date; or (2) properly extend the dismissal date by entering a written order with the requisite findings under section 263.401(b). Appellant argues in turn that because of these failures, the court's jurisdiction over the case had terminated by the time the final order was entered and the order is therefore void. The Department responds that the Supreme Court's Emergency Orders pertaining to the COVID-19 pandemic permitted the trial court to extend the deadlines prescribed in section 263.401, and that the court's oral pronouncement at the December 3, 2020 hearing that it was extending the deadline was effective to extend the dismissal date.

Importantly, the trial court timely signed an *initial* written order on March 26, 2020, that granted the first extension and contained the necessary findings to satisfy section 263.401(b)'s requirements. After this order extended the automatic-dismissal date to December 5, 2020, the court held a final hearing on December 3, 2020. At this hearing, counsel for the Department requested a "COVID extension" and a new trial setting on February 11, 2021. The court advised the clerk to set the case for a final hearing on January 7, 2021, and expressly stated, "Let's leave -- do both of them for the COVID so that we can have some more time." The court subsequently signed an order on January 4, 2021 stating that the order had been rendered in open court on December 3, 2020, and extending the dismissal date to May 10, 2021. No party objected to the trial court's action. And the trial commenced on February 11, 2021, well before the extended dismissal date.

7

This case tracks what occurred in *Interest of J.-R.A.M.*, No. 10-20-00221-CV, 2020 WL 7866877 (Tex.App.--Waco Dec. 30, 2020, pet. denied) (mem. op.). There, the trial court set the initial dismissal date as February 10, 2020. Before that date passed, the trial court entered an order in compliance with section 263.401(b) that properly extended the dismissal date to August 8, 2020. *Id.* at *1. The trial court then orally reset the trial without objection by any party to August 11, 2020, which was three days past the dismissal date. *Id.* No written order extending the court's jurisdiction beyond August 8, 2020 was signed. *Id.* One parent moved to dismiss the suit alleging that the court lost jurisdiction by failing to commence trial before August 8, 2020. The trial court declined, however, reasoning that it had extended its jurisdiction under the Supreme Court's Eighteenth and Twenty-Second Emergency Orders. *Id.* at *1-2.

On appeal, the appellant argued that the trial court lost jurisdiction over the case because the trial court failed to enter a written order that set a new trial date and dismissal date in compliance with section 263.401(b). *Id.* The Waco Court of Appeals disagreed and held that the trial court properly extended the deadlines under section 263.401, even without a second written order. Citing the then-operative Emergency Orders, the court reasoned:

> While the emergency orders do expressly require compliance with Section 263.401(a) regarding an initial extension, they do not expressly require compliance with an extension granted after the initial extension. We find that the trial court extended the jurisdiction of the trial court as it was required to do pursuant to the emergency orders ("all courts in Texas may . . . *and must* to avoid risk . . .") to a time when the trial court was able to safely conduct the hearing due to COVID-19. The failure to enter a written order or to specifically set a dismissal date did not affect the validity of the trial court's extension such as to deprive it of jurisdiction. An oral rendition of an extension is sufficient to comply with the Family Code.

*Id.* at *3 (emphasis in original, citations omitted).

The Austin court also recently addressed the same issue in *A.N. v. Texas Dep't of Family and Protective Servs.*, No. 03-22-00099-CV, 2022 WL 3638211, at *1 (Tex.App.--Austin Aug. 23, 2022, no pet. h.) (mem. op.). There, the initial dismissal date under section 263.401 was May

17, 2021, and the trial court signed a valid order before that date extending the date to November 13, 2021. *Id.* On August 18, 2021, the Department moved for a second extension of the dismissal date based on the then-operative Fortieth Emergency Order, and on October 8, 2021, the trial court signed an order extending the dismissal date to February 1, 2022. *Id.* On that date, the presiding judge extended the dismissal deadline to March 1, 2022 under the Emergency Order, and the parties tried the case from February 15 to 18, 2022. *Id.* On appeal, the appellant argued that the court's judgment was void because the court lost jurisdiction when it failed to commence trial on the merits before February 1, 2022, even though the second and third extensions were ordered under the Emergency Order. *Id.* at *2.

The Austin court disagreed and held that the third extension was effective to extend the dismissal deadline, recognizing that its holding tracked its own precedent and the prior Emergency Orders that specified "an initial extension of the dismissal deadline must comply with the statutory requirements of Section 263.401 but [do] not require such compliance for subsequent extensions under the emergency orders." *Id.*, *citing R.C.C. v. Texas Dep't of Family and Protective Servs.*, No. 03-21-00687-CV, 2022 WL 2231306, at *9 (Tex.App.--Austin June 22, 2022, pet. struck) (mem. op) ("[A]lthough the Eighteenth Emergency Order and subsequent orders required that the extension of the initial dismissal date comply with Section 263.401, the orders did not require compliance with Section 263.401 for additional extensions[.]") (citations omitted).

We see no reason to deviate from the holdings of our sister courts. The trial court entered a valid initial order extending the dismissal deadline that contained the requisite findings. The reporter's record of the December 3, 2020 hearing reflects the court's intent to extend the dismissal date under the Supreme Court's Emergency Orders. A written order was later signed that confirmed that fact. No party present at the hearing objected to the trial court's extension of the

dismissal date. For these reasons, we conclude that the trial court properly extended the deadlines under section 263.401. *See id.* at *2-3.

Appellant argues that although the January 4, 2021 written extension order stated that it was rendered in open court on December 3, 2020, the lack of a written order rendered before the automatic dismissal date the trial court's oral extension ineffective. But the Supreme Court has stated that although the extraordinary-circumstances and best-interest-of-the-child findings under section 263.401(b) are best made in writing in written findings or in an order, they may, as is the case here, also be made "orally on the record or in some other writing." *See G.X.H.*, 627 S.W.3d at 299. Moreover, the court timely entered a written order containing the required findings. Thus, we find this argument unpersuasive.

Appellant further argues that the trial court's statement, "Let's leave -- do both of them for the COVID so that we can have some more time" did not constitute an adequate statement rendering an extension because it was a "mere cognition" and a suggestion that the court should extend the dismissal deadline and not a definitive statement that it would do so. Whether a particular action constitutes a rendition of an order or judgment is a question of fact, and we look primarily to the words used by the court to effect its rendition. *Blackburn v. Blackburn*, No. 02-12-00369-CV, 2015 WL 2169505, at *6 (Tex.App.--Fort Worth May 7, 2015, no pet.) (mem. op.) (citations omitted). When read in context with the Department's attorney's statement that the case was "set currently for February 11th for final trial," along with the court's signing of an "Order Retaining Suit On Court's Docket Pursuant To Supreme Court Emergency Order" that stated that the order had been rendered in open court on December 3, 2020 and signed on January 4, 2021, the record sufficiently reflects the trial court's intent to extend the dismissal date under the Supreme Court's Emergency Orders. *See id.* at *7 (a reviewing court may look to other actions and statements by the trial court in determining whether the court intended to render judgment).

For these reasons, we reject Appellant's argument that the trial court's statement could not constitute a pronouncement of an order extending the dismissal deadline.

Finally, Appellant argues that this case is analogous to *In re J.R.*, where the Fort Worth Court of Appeals held that a trial court's jurisdiction terminated because it had not commenced a trial on the merits or further extended the dismissal date by the time it entered the extension order. 622 S.W.3d 602, 605-06 (Tex.App.--Fort Worth 2021, orig. proceeding [mand. dism'd]). But unlike *J.R.*, the trial court here commenced trial and began to receive evidence and testimony well before the first extended dismissal date. *Id.* at 606.; s*ee also, A.N.*, 2022 WL 3638211, at *3 (stating that *In re J.R.* is inapt in a case in which the trial court properly granted an initial extension of the dismissal date under section 263.401(b) and later granted a subsequent extension under the Texas Supreme Court's Emergency Order).

Appellant's Issue One is overruled.

## III. CONCLUSION

The trial court's judgment is affirmed.

JEFF ALLEY, Justice

November 9, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

11