

## NUMBER 13-22-00240-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF G.S., A CHILD

### On appeal from the County Court at Law No. 5 of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Silva**
**Memorandum Opinion by Justice Hinojosa**

Appellant E.S. appeals the trial court's order terminating her parental rights to her son G.S.[1] In one issue, E.S. argues that the trial court was without jurisdiction to render an order of termination because it did not properly extend the deadline for commencing a trial on the merits before the automatic statutory dismissal date. *See* TEX. FAM. CODE

---

[1] We refer to the parties and children by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

ANN. § 263.401. We affirm.

## I.    BACKGROUND

On April 17, 2020, appellee, the Texas Department of Family and Protective Services (the Department), filed an original petition requesting to terminate the parental rights of E.S. and unknown father to the child G.S. and seeking to be named G.S.'s sole managing conservator. On June 5, 2020, the trial court awarded temporary managing conservatorship of G.S. to the Department. Pursuant to § 263.401 of the family code, the deadline to commence a trial on the merits or dismiss the case was June 7, 2021, unless properly extended by the trial court. *See id.* At a review hearing on April 15, 2021, the trial court orally granted the Department's request for a "401" extension. A proposed order was submitted by the Department on May 5, 2021, which the trial court signed on June 14, 2021, seven days after the dismissal date. The order contained the following findings:

> Pursuant to § 263.401(b), Texas Family Code, the Court finds that extraordinary circumstances necessitate the subject child, remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department as temporary managing conservator is in the best interest of the subject child, an extension of not more than 180 days should be granted due to extraordinary circumstances, the case should be retained on the Court's docket and a new dismissal date should be scheduled and the suit should be set for final hearing on a date that will allow the court to render a final order before that dismissal date.

Pursuant to the order, the new dismissal date was set at December 4, 2021.[2] A bench trial commenced on November 10, 2021, and, following multiple recesses, the trial concluded on May 19, 2022. At the trial's conclusion, the trial court terminated the parental rights of E.S. and the unknown father and awarded permanent managing conservatorship

---

[2] Because December 4, 2021, fell on a Saturday, the actual dismissal date was December 6, 2021.

2

of G.S. to intervenors R.R. and Y.R. This appeal followed.

## II.    DISCUSSION

### A.    Standard of Review & Applicable Law

Whether a trial court has jurisdiction to render an order is a question of law that we review de novo. *Gauci v. Gauci*, 471 S.W.3d 899, 901 (Tex. App.—Houston [1st Dist.] 2015, no pet.). A judgment is void when the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). Jurisdiction is fundamental and may be raised at any time, including on appeal. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985) (per curiam). "Statutory construction is a question of law we review de novo." *In re D.S.*, 602 S.W.3d at 514. "Our objective is to ascertain and give effect to the Legislature's intent[.]" *Id.* "[W]e assume the Legislature chose statutory language with care, included each chosen word for a purpose, and purposefully omitted all other words." *Id.*

"The Texas Legislature enacted Texas Family Code [§] 263.401 to encourage prompt resolution of suits in which the [Department] requests termination of the parent-child relationship or requests that the Department be named conservator of a child." *In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). According to the statute,

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order.

3

TEX. FAM. CODE ANN. § 263.401(a). Pursuant to subsection (b), "trial courts may extend that one-year deadline, or 'dismissal date' in the parlance of the statute." *In re G.X.H.*, 627 S.W.3d at 292. To do so, the trial court must find "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN. § 263.401(b). The trial court is required "to make these findings as a prerequisite to granting an extension." *In re G.X.H.*, 627 S.W.3d at 299. "If the court makes those findings, the court may retain the suit on the court's docket for [an additional] 180 days." TEX. FAM. CODE ANN. § 263.401(b). "But if the trial court neither commences trial by the dismissal date nor extends it in accordance with [§] 263.401(b), the statute dictates a dire consequence: the trial court's jurisdiction over the suit 'is terminated and the suit is automatically dismissed.'" *In re G.X.H.*, 627 S.W.3d at 292 (quoting TEX. FAM. CODE ANN. § 263.401(a)).

Complaints regarding the trial court's compliance with the other requirements in subsection (b) are not jurisdictional and must be preserved for appellate review. *Id.* at 301. These waivable complaints include the requirements that the trial court render an order that:

(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

4

  (3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(b).

## B. Analysis

For the first time on appeal, E.S. argues that the trial court lost jurisdiction on the statutory dismissal date because it did not timely sign an order extending the deadline and did not make the findings required by subsection (b) of the statute until after the deadline passed. Therefore, E.S. maintains that the trial court's subsequent termination order is void. The Department responds that the trial court retained jurisdiction by orally granting an extension of the statutory deadline before its expiration, that the statutorily required findings can be implied from the record, and that any other complaints regarding the trial court's compliance with subsection (b) are unpreserved.

In *In the Interest of G.X.H.*, the Texas Supreme Court concluded that § 263.401 of the family code did not require that the trial court grant an extension in a written order, but that it could be done "through a docket-sheet notation or otherwise." 627 S.W.3d at 301. The court relied on § 101.026 of the family code which states that, in suits affecting the parent-child relationship, when rendering a ruling, "[t]he pronouncement may be made orally in the presence of the court reporter or in writing, including on the court's docket sheet or by a separate written instrument." TEX. FAM. CODE ANN. § 101.026. The court held that the trial court's docket entry granting an extension was sufficient for it to retain jurisdiction. *In re G.X.H.*, 627 S.W.3d at 301. It further concluded that the statute did not require the trial court to make the required extraordinary circumstances and best interest

5

findings in writing but could do so orally on the record. *Id.* at 299. In the absence of a reporter's record, the court "presume[d] the trial court made the necessary findings to support the extension orally on the record at the hearing." *Id.*

Here, there is no docket entry or similar writing granting an extension before the dismissal date. However, unlike *In the Interest of G.X.H.*, we have a reporter's record from the hearing in question which reflects that the trial court orally granted the extension prior to the dismissal date. We conclude that the trial court was authorized by § 101.026 of the family code to extend the statutory deadline in this manner. *See* TEX. FAM. CODE ANN. § 101.026; *In re F.S.*, ___ S.W.3d ___, __, No. 09-22-00114-CV, 2022 WL 4371008, at *6 (Tex. App.—Beaumont Sept. 22, 2022, no pet. h.) (concluding "that the trial court's oral ruling granting Father's motion to extend the [§] 263.401 deadline complied with the *or otherwise* requirements of *In the Interest of G.X.H.*").

However, a review of the record reveals that the trial court did not expressly make the statutorily required findings at the April 15, 2021 hearing or in any other manner before the dismissal date. The first instance the findings appear in the record is the June 14, 2021 order. As stated above, subsection (b) "requires a court to make these findings as a prerequisite to granting an extension." *In re G.X.H.*, 627 S.W.3d at 299. Therefore, we must determine whether we can imply that these findings were made at the time the extension was granted. *See Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 (Tex. 2003) ("When neither party requests findings of fact and conclusions of law, it is implied that the trial court made all fact findings necessary to support its judgment."); *In re T.M.P.*, 417 S.W.3d 557, 563 (Tex. App.—El Paso 2013, no pet.) ("Where . . . the trial court does

6

not file findings of fact and conclusions of law, we imply all necessary findings of fact to support the trial court's order."); *see also D. J. v. Tex. Dep't of Family & Protective Servs.*, No. 03-20-00454-CV, 2021 WL 822491, at *8 (Tex. App.—Austin Mar. 3, 2021, no pet.) (mem. op.) ("[O]nce the trial court denies a [§] 263.401(b) motion, the court's order or judgment includes any implied findings necessary to support the denial.").

In *In the Interest of F.S.*, the Beaumont Court of Appeals addressed the same issue: "Does [§] 263.401 require trial courts to state their findings orally or in timely-filed written orders, or instead may the required statutory findings be implied when the trial court grants a motion to extend the statutory deadline and no one asks the trial court for written findings?" 2022 WL 4371008, at *6. Reviewing the language of the statute, the court noted: "We find nothing in [§] 263.401 where the Legislature required trial courts to state their *extraordinary circumstances* and *good cause* findings on the record by stating them in the terms the Legislature used in [§] 263.401." *Id.* However, the court agreed with the appellant that a trial court could not make the required findings "for the first time after the statutory deadline has passed." *Id.* Ultimately, the court held that "on this record we must imply the trial court found *extraordinary circumstances* and *good cause* required extending the automatic-one-year dismissal deadline under [§] 263.401." *Id.* at *8.

We find our sister court's reasoning persuasive and adopt it here. For jurisdictional purposes, we may imply that the trial court found "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN.

7

§ 263.401(b). Further, E.S. does not argue that the trial court abused its discretion in making these implied findings or that they are unsupported by the record, only that the findings were not made expressly. *See In re A.J.M.*, 375 S.W.3d 599, 604 (Tex. App.—Fort Worth 2012, pet. denied) (en banc) (reviewing a ruling on § 263.401 extension for an abuse of discretion). Therefore, we do not address those issues.[3] *See Los Compadres Pescadores, L.L.C. v. Valdez*, 608 S.W.3d 829, 838 n.10 (Tex. App.—Corpus Christi–Edinburg 2019), *aff'd*, 622 S.W.3d 771 (Tex. 2021) (declining to address issue not raised in appellant's initial brief). Any additional complaints concerning non-complaince with subpart (b) of the statute are non-jurisdictional issues that E.S. has failed to preserve for appellate review. *See In re G.X.H.*, 627 S.W.3d at 301.

We hold that the trial court's oral granting of an extension complied with § 263.401 and that the trial court impliedly found that "extraordinary circumstances necessitate[d] the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator [was] in the best interest of the child." *See* Tex. Fam. Code Ann. § 263.401(b). Therefore, the trial court properly extended the statutory dismissal date, and its later termination order was not void for want of jurisdiction. *See In re D.S.*, 602 S.W.3d at 512. We overrule

---

[3] Without expressing a view on the propriety of the trial court's implied findings, we note that the record reveals the following relevant circumstances: (1) E.S. recently began court-ordered drug treatment and hoped to provide a placement for the G.S.; (2) the trial court wished to continue the case so that G.S. could possibly be placed in another home with his biological siblings; and (3) the parties wished to hold the final hearing with a companion parental termination case that had a later dismissal date. *See* Tex. Fam. Code. Ann. § 263.401(b-2), (b-3) (requiring the trial court to consider a parent's good faith efforts to complete court-ordered drug treatment program when deciding whether extraordinary circumstances exist under subsection (b)); *In re M.H.*, 319 S.W.3d 137, 154 (Tex. App.—Waco 2010, no pet.) (explaining that "the impact of separating [siblings] is an appropriate consideration in evaluating what is in [a child's] best interest").

E.S.'s sole issue.

### III.     Conclusion

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed on the
1st day of December, 2022.