

# NUMBER 13-22-00363-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE INTEREST OF L.P. and E.J.-P., CHILDREN

## On appeal from the County Court at Law No. 5
of Nueces County, Texas.

## MEMORANDUM OPINION[1]

**Before Justices Longoria, Silva, and Peña**
**Memorandum Opinion by Justice Peña**

Appellant I.P. (Mother) appeals the trial court's order terminating her parental rights to her daughters L.P. and E.J.-P.[2] In one issue, Mother argues that the trial court did not have jurisdiction to render an order of termination because it did not properly extend the

---

[1] The Honorable Leticia Hinojosa, former Justice of this Court, did not participate in this decision because her term of office expired on December 31, 2022. In accordance with the appellate rules, she was replaced on panel by Justice Lionel Aron Peña Jr.

[2] We refer to the parties and children by their initials in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2).

statutory deadline for commencing a trial on the merits before the automatic statutory dismissal date. *See* TEX. FAM. CODE ANN. § 263.401. We affirm.

## I.     BACKGROUND

Appellee, the Texas Department of Family and Protective Services (the Department), filed its original petition regarding L.P. and E.J.-P. on December 22, 2020. The petition was based on an outcry of sexual abuse by L.P. against Mother's former boyfriend. The trial court appointed the Department as temporary managing conservator of the children on December 23, 2020. Based on the date of the removal, the initial dismissal deadline for the case was December 27, 2021. *See* TEX. FAM. CODE ANN. § 263.401(a).

The trial court held a permanency hearing on October 21, 2021. At the beginning of the hearing, the Department informed the trial court that, "With a dismissal date of December 27, [2021, the Department is] going to ask for a statutory COVID extension to April 1, 2022." At the end of the hearing, the Department reiterated its request and asked that "[a] COVID extension . . . be ordered today." The trial court orally stated that it would "allow the COVID extension." There was no objection.

On February 9, 2022, the trial court held the next permanency hearing. It signed an order on March 9, 2022 to explain its rulings. Relevant to this case, the order set forth the following:

> 6.1.    Pursuant to § 263.401 (b) [sic], Texas Family Code, the Court finds that extraordinary circumstances necessitate the subject children, remaining in the temporary managing conservatorship of the Department and that continuing the appointment of the Department

2

as temporary managing conservator is in the best interest of the subject children, an extension of not more than 180 days should be granted due to extraordinary circumstances, the case should be retained on the Court's docket and a new dismissal date should be scheduled and the suit should be set for final hearing on a date that will allow the court to render a final order before that dismissal date.

6.2    The Court further finds that the following temporary orders for the safety and welfare of the children, [L.P.] and [E.J.-P.], are necessary to avoid further delay in resolving the suit:

6.2.1. IT IS THEREFORE ORDERED, pursuant to § 263.401 (b) [sic], Texas Family Code, that this suit shall be dismissed on the date indicated below, unless a final order is rendered by that date, or the children [are] placed in or removed from a monitored placement pursuant to § 263.403 prior to that date.

IT IS FURTHER ORDERED that the new DISMISSAL DATE shall be the 25th day of June, 2022.

After a bench trial on June 6, 2022, the trial court terminated Mother's parental rights as to L.P. and E.J.-P. under Texas Family Code subsections 161.001(b)(1)(D), (E), (M), (N), (O), and (P), and found that termination was in the children's best interest.[3] The trial court further ordered that the Department be appointed permanent managing conservator. Mother appeals.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

## A.    Standard of Review

Whether a trial court has jurisdiction to render an order is a question of law that we review de novo. *Gauci v. Gauci*, 471 S.W.3d 899, 901 (Tex. App.—Houston [1st Dist.]

---

[3] Mother does not challenge the sufficiency of the evidence on the termination order under any of these subsections, or the determination that termination was in the children's best interests. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)-(2).

2015, no pet.). A judgment is void when the court rendering judgment lacked jurisdiction over the parties or subject matter, had no jurisdiction to enter the particular judgment, or had no capacity to act. *In re D.S.*, 602 S.W.3d 504, 512 (Tex. 2020). Jurisdiction is fundamental and may be raised at any time, including on appeal. *Tullos v. Eaton Corp.*, 695 S.W.2d 568, 568 (Tex. 1985) (per curiam).

**B.    Texas Family Code § 263.401**

"The Texas Legislature enacted Texas Family Code [§] 263.401 to encourage prompt resolution of suits in which the [Department] requests termination of the parent-child relationship or requests that the Department be named conservator of a child." *In re G.X.H.*, 627 S.W.3d 288, 292 (Tex. 2021). According to the statute,

> Unless the court has commenced the trial on the merits or granted an extension under Subsection (b) or (b-1), on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator, the court's jurisdiction over the suit affecting the parent-child relationship filed by the department that requests termination of the parent-child relationship or requests that the department be named conservator of the child is terminated and the suit is automatically dismissed without a court order.

TEX. FAM. CODE ANN. § 263.401(a). "In extraordinary circumstances defined in [§] 263.401(b), trial courts may extend that one-year deadline, or 'dismissal date' in the parlance of the statute." *In re G.X.H.*, 627 S.W.3d at 292. To do so, the trial court must find "that extraordinary circumstances necessitate the child remaining in the temporary managing conservatorship of the department and that continuing the appointment of the department as temporary managing conservator is in the best interest of the child." TEX. FAM. CODE ANN. § 263.401(b). Subsection (b) "requires a court to make these findings as

4

a prerequisite to granting an extension." *In re G.X.H.*, 627 S.W.3d at 299. "If the court makes those findings, the court may retain the suit on the court's docket for [an additional] 180 days." TEX. FAM. CODE ANN. § 263.401(b)*.* "But if the trial court neither commences trial by the dismissal date nor extends it in accordance with [§] 263.401(b), the statute dictates a dire consequence: the trial court's jurisdiction over the suit 'is terminated and the suit is automatically dismissed.'" *In re G.X.H.*, 627 S.W.3d at 292 (quoting TEX. FAM. CODE ANN. § 263.401(a)).

Complaints regarding the trial court's compliance with the other requirements in subsection (b) are not jurisdictional and must be preserved for appellate review. *Id.* at 301. These waivable complaints include the requirements that the trial court render an order that:

(1) schedules the new date on which the suit will be automatically dismissed if the trial on the merits has not commenced, which date must be not later than the 180th day after the time described by Subsection (a);

(2) makes further temporary orders for the safety and welfare of the child as necessary to avoid further delay in resolving the suit; and

(3) sets the trial on the merits on a date not later than the date specified under Subdivision (1).

TEX. FAM. CODE ANN. § 263.401(b).

## C. Texas Supreme Court Forty-Third Emergency Order

In response to the COVID-19 pandemic, Governor Greg Abbott declared a state of disaster in all of Texas's 254 counties. *See Forty-Third Emergency Order Regarding COVID-19 State of Disaster*, 629 S.W.3d 929 (Tex. Sept. 21, 2021) ("Forty-Third

5

Emergency Order"). During the pendency of this case, and in accordance with its emergency powers under Texas Government Code § 22.0035(b), the Texas Supreme Court issued its Forty-Third Emergency Order. *See id.* (citing TEX. GOV'T CODE ANN. § 22.0035(b)). This order was effective from October 1, 2021, through December 1, 2021. *See id*. The order set forth the following guidance related to family law cases:

5. In any proceeding under Subtitle E, Title 5 of the Family Code, the dismissal date may be extended, without a participant's consent, as follows:

a. for any such proceeding that, on May 26, 2021, had a dismissal date that was previously modified under a prior Emergency Order Regarding the COVID-19 State of Disaster, the court may extend the dismissal date for a stated period ending no later than December 1, 2021;

b. for any such proceeding that, on May 26, 2021, had been previously retained on the court's docket pursuant only to [§] 263.401(b) or (b-1), the court may extend the dismissal date for a stated period ending no later than February 1, 2022;

c. for any such proceeding that, on May 26, 2021, had not been previously retained on the court's docket pursuant to [§] 263.401(b) or (b-1), the court may extend the initial dismissal date as calculated under [§] 263.401(a) for a stated period ending no later than April 1, 2022; or

d. for any such proceeding that is filed on or after May 26, 2021, the court may extend the initial dismissal date as calculated under [§] 263.401(a) only as provided by [§] 263.401(b) or (b-1).

*See id.* In this case, subsection (c) of the Forty-Third Emergency Order applies as the underlying case had not been previously retained on the court's docket under § 263.401(b) or (b-1) at the time of the October 21, 2021 permanency hearing. *See id.*

### III. ANALYSIS

Mother argues that the trial court lacked jurisdiction to enter the termination order because the trial court did not extend the dismissal date by the initial statutory dismissal deadline of December 27, 2021. We disagree.

The Department filed its original petition regarding L.P. and E.J.-P. on December 22, 2020. Under the Texas Family Code, this made the dismissal deadline December 27, 2021. *See* TEX. FAM. CODE ANN. § 263.401(a) (providing that the court's jurisdiction over a suit affecting the parent-child relationship is terminated "on the first Monday after the first anniversary of the date the court rendered a temporary order appointing the department as temporary managing conservator"). At the October 21, 2021 permanency hearing, however, which occurred two months prior to the statutory dismissal deadline, the Department made multiple requests for a COVID extension of the dismissal deadline under the Forty-Third Emergency Order. Specifically, the Department requested that the deadline to be extended from December 27, 2021, to April 1, 2022, as authorized by paragraph 5(c) of the order. *See Forty-Third Emergency Order*, 629 S.W.3d at 929. Paragraph 5(c) authorized courts in family law cases such as this one to "extend the initial dismissal date as calculated under [§] 263.401(a) for a stated period ending no later than April 1, 2022"—which is exactly what the trial court did. *See id.*

At the October 21, 2021 permanency hearing, the trial court orally granted the Department's request for an extension. The Texas Supreme Court has held that Texas Family Code § 101.026 "permits trial courts to render orders orally in the presence of the

7

court reporter or in writing on its docket sheet or by a separate written instrument." *In re G.X.H.*, 627 S.W.3d at 299; *see State Farm Ins. Co. v. Pults*, 850 S.W.2d 691, 693 (Tex. App.—Corpus Christi–Edinburg 1993, no writ) ("An order pronounced in open court is considered 'rendered' when it is officially announced and is valid from that time, making formal entry only a ministerial act."); *see also In re F.S.*, No. 09-22-00114-CV, 2022 WL 4371008, at *8 (Tex. App.—Beaumont 2022, no pet. h.) (mem. op.) (holding that a trial court's oral order was sufficient to extend the dismissal deadline). Therefore, the trial court retained jurisdiction until April 1, 2022, beyond the original December 27, 2021 dismissal deadline. *See In re G.X.H.*, 627 S.W.3d at 299. Accordingly, the trial court still had jurisdiction during the next hearing on February 9, 2022. *See id.*; *see also In re M.A.*, No. 06-22-00011-CV, 2022 WL 4546576, at *4 (Tex. App.—Texarkana Sept. 28, 2022, pet. denied) (mem. op.) (holding, in a parental termination case occurring during the COVID-19 pandemic, that "for proceedings such as this one, the procedures required under [§] 263.401(b) and (b-1) were suspended" by the Texas Supreme Court's emergency orders at the time, and that "the trial court was not required to make the findings under [§] 263.401(b) in order to extend the dismissal date" under the emergency order).

During the February 9, 2022 permanency hearing, the trial court then extended the April 21, 2022 dismissal deadline to June 25, 2022, pursuant to § 263.401(b), by noting that "extraordinary circumstances" necessitated the time extension. *See In re G.X.H.*, 627 S.W.3d at 292; TEX. FAM. CODE ANN. § 263.401(b). The bench trial later occurred on June 6, 2022, where the trial court ordered termination.

Because trial occurred prior to the extended dismissal deadline of June 25, 2022, we conclude the trial court had jurisdiction to enter the termination order. *See* TEX. FAM. CODE ANN. § 263.401(c). We overrule Mother's sole issue.

## IV.   CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
19th day of January, 2023.