

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-24-00263-CV

_____

## IN RE BARBARA ANN KLECKA

_____

## Original Proceeding

### From the County Court
### Coryell County, Texas
### Trial Court No. 24-408

---

## DISSENTING OPINION

---

I respectfully dissent. The Supreme Court of Texas has recently addressed the issue of the failure to properly serve a prospective ward. *In re Guardianship of Fairley*, 650 S.W.3d 372 (Tex. 2022). In *Fairley* the prospective ward was served by a person that the statute specifying service requirement on a prospective ward did not authorize. *See In re Fairley*, 650 S.W.3d at 382; TEX. EST. CODE § 1051.051. The Supreme Court's opinion and the dissent focused on whether the admittedly improper service could be waived by a general appearance by the ward or the appointed attorney ad litem. The Supreme Court

said "Yes." The dissent said "No." But the Supreme Court, in explaining why it said

"Yes" noted in that case "James [the prospective ward] was personally served." *Id.* at

389. The Supreme Court goes on to explicate the distinction citing three different courts

of appeals that have held that failure to serve is different from defective service as follows:

> The cases cited to us in which courts have held a guardianship order void
> are consistent with our holding here because they involve situations where
> the proposed ward was never personally served. *See Gauci v. Gauci*, 471
> S.W.3d 899, 902 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding
> that a guardianship order was void because the proposed ward was not
> personally served with citation and therefore the probate court lacked
> personal jurisdiction over the ward); *In re Martinez*, No. 04-07-00558-CV,
> 2008 Tex. App. LEXIS 606, 2008 WL 227987, at *2 (Tex. App.—San Antonio
> Jan. 30, 2008, orig. proceeding) (holding that orders issued in guardianship
> proceeding were void because the proposed ward was never served with
> citation); *In re Guardianship of B.A.G.*, 794 S.W.2d 510, 513 (Tex. App.—
> Corpus Christi—Edinburg 1990, no writ) (holding that all of the trial court's
> actions regarding a guardianship were void because the proposed ward
> was never personally served).

*In re Fairley*, 650 S.W.3d at 388-389.

The Supreme Court then goes on to explain and differentiate those cases in which

actual service was accomplished but may have been defective in some way and that in

those cases the defect did not rise to the level of a due process violation and thus none of

the orders were held to be void. This case is like those cases cited by the Supreme Court

of Texas used to differentiate no-service cases from defective-service cases. This is a no-

service case and we should join Houston [1st], San Antonio, and Corpus Christi in

expressly holding that the failure to personally serve the prospective ward, as expressly required by the Estates Code, makes the resulting orders in the proceeding void.[1]

Initially, it also appears that relief via a mandamus proceeding is proper, recognizing that mandamus proceedings are generally appropriate to address void trial court actions and that while an appeal might technically be available, the circumstances show that relief by appeal is inadequate due, if nothing else, to the delay in addressing the needs of the prospective ward and his extreme hardship and difficulty in trying to deal with changes in his routine. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004).

Based on the foregoing analysis, it appears that Relator is entitled to the relief via mandamus. Because the Court summarily denies relief, I respectfully dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed September 19, 2024



---

[1] I acknowledge that the ward was served by the Relator with a contingent cross-petition. But that service was after the trial had started. As such, it does nothing to cure the defect of the lack of personal service on the prospective ward with the petition that was ultimately granted.